```
 1                  IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3   MOTOROLA SOLUTIONS, INC.,       ) Docket No. 17 CV 1972
                                     )
 4         Plaintiff,                )
                                     ) Chicago, Illinois
 5             vs.                   ) February 6, 2019
                                     ) 9:00 o'clock a.m.
 6   HYTERA COMMUNICATIONS           )
     CORPORATION, LTD., et al.,      )
 7                                   )
           Defendants.               )
 8

 9              TRANSCRIPT OF PROCEEDINGS - Status
            BEFORE THE HONORABLE JOHN ROBERT BLAKEY
10

11   APPEARANCES:
     For the Plaintiff:      KIRKLAND & ELLIS
12                           BY:  MR. MICHAEL W. DeVRIES
                                  MR. ADAM R. ALPER
13                           333 South Hope Street
                             Los Angeles, California   90071
14
                             KIRKLAND & ELLIS
15                           BY:  MR. ADAM R. ALPER
                             555 California Street
16                           San Francisco, California   94104

17
     For the Defendants:     CALFEE HALTER & GRISWOLD LLP
18                           BY:  MR. MARK W. McDOUGALL
                             1405 East Sixth Street
19                           Cleveland, Ohio   44114

20                           STEPTOE & JOHNSON LLP
                             BY:  MR. DANIEL S. STRINGFIELD
21                           115 South LaSalle Street
                             Suite 3100
22                           Chicago, Illinois   60603

23
              LAURA LACIEN, CSR, RMR, FCRR, CRR
24                    Official Court Reporter
             219 South Dearborn Street, Suite 1212
25                  Chicago, Illinois   60604
                         (312) 408-5032
```

```
 1         (The following proceedings were had in open court:)
 2             COURTROOM DEPUTY:  17 C 1972, Motorola versus Hytera
 3   Communications.
 4             THE COURT:  Good morning, counsel.  Appearances,
 5   please?
 6             MR. DeVRIES:  Good morning, your Honor.  Mike
 7   DeVries and Adam Alper on behalf of the plaintiff Motorola
 8   Solutions.
 9             MR. McDOUGALL:  Yes, your Honor.  Mark McDougall and
10   Dan Stringfield on behalf of Hytera.
11             THE COURT:  Can you give me an update of what's
12   happening with the ITC's decision, et cetera?
13             MR. DeVRIES:  Yes, your Honor.  The ITC proceeding
14   that gave rise to the automatic stay in this matter has
15   finished.  The -- in November of last year, the final
16   determination was issued by the Commission.  And after the
17   precedential review period expired on January 15th, the
18   remedial orders that the ITC entered -- the cease and desist
19   order and the limited exclusion order -- went into effect
20   barring Hytera products that were found to infringe from the
21   United States.
22             THE COURT:  All right.  What's our next step with
23   respect to that then?
24             MR. DeVRIES:  We -- Motorola, your Honor, believes
25   that we should move forward with the case now.  The basis for
```

1  the automatic stay has finished and there's no reason to
2  continue to delay moving forward with the case.  We have
3  conferred with Hytera.  We understand that they believe that
4  the stay should continue because a subset of the claims from
5  three of the seven patents-in-suit are at issue in an inter
6  partes review proceeding, an IPR proceeding, that is
7  scheduled for a hearing this Friday and a conclusion by early
8  May.
9        Motorola disagrees because there are claims from all
10 seven of the patents-in-suit that are not part of the inter
11 partes review proceeding and there is no step that the Court
12 will need to take with respect to any of those claims before
13 the final written decision is entered on those subset of
14 claims.
15       THE COURT:  What are your thoughts, counsel?
16       MR. McDOUGALL:  Yes, your Honor.  We actually
17 exchanged proposed schedules with Motorola earlier this week
18 and it is our position that this schedule tracked the Local
19 Patent Rules.  And with respect to the stay, he's right,
20 there are three patents -- three of the seven in this case --
21 that are subject to the PTAB and that would be completed by
22 the beginning of May.  So our proposal is at the beginning of
23 May, we start the case and go forward along the Local Patent
24 Rules in this district.
25       THE COURT:  How much discovery is going to be

1 needed, if any?

2 MR. DeVRIES: We don't believe much, your Honor, and
3 so this is something that was discussed at the last status.
4 I'll be brief. During the ITC proceeding, the parties
5 exchanged thousands of documents, produced source code, took
6 numerous depositions of each other's engineers, exchanged
7 contentions in terms of infringement and invalidity,
8 exchanged expert reports on all the patents-in-suit and
9 exchanged claim construction issues and then a claim
10 construction ruling was issued by the court, by the
11 administrative law judge.

12 We recognize certainly that that determination of
13 claim construction and the ITC's decision that Hytera
14 infringed all of the patents-in-suit that went to the hearing
15 and are -- also that these patents are valid is not binding
16 on this court. We're not suggesting otherwise but there's a
17 tremendous amount of discovery that has been exchanged.
18 Literally, all of these patents proceeded to the point of
19 being trial ready. A few of them were streamlined out in
20 advance of the hearing solely for streamlining purposes but
21 there is a tremendous volume of discovery that's occurred.

22 We recognize and acknowledge that some additional
23 discovery will be needed here and -- for example, related to
24 damages but we think that that can be accomplished in a way
25 that is consistent with the Local Rules and also efficient.

1  We would propose a fact discovery period of approximately
2  four months to conclude the remaining discovery here.
3              THE COURT:  Is that your assessment, counsel?
4              MR. McDOUGALL:  No.  It isn't, your Honor.  There
5  was -- at the ITC -- and, you know, counsel is right that any
6  decisions of the ITC are not binding on this court.
7              THE COURT:  There's no appeal of that?  Have you --
8  of the ITC, did you?
9              MR. McDOUGALL:  We did not appeal the ITC.
10             THE COURT:  Okay.  Go ahead.
11             MR. McDOUGALL:  And so any of the decisions of the
12 ITC is not binding on this court and, in fact, the federal
13 circuit has said that we're justified in bringing any defense
14 we want, whether it was raised at the ITC or not, and we plan
15 to do that.
16             There's a lot of patents.  Many of these patents
17 were terminated from the ITC.  There were many claims
18 terminated from the ITC and, as you know with patent cases,
19 there's going to be significant fact and expert discovery.
20 And another thing, damages weren't even addressed at the ITC,
21 which is another subset.  So in our opinion, it's a lot more
22 than four months as Motorola contends for this case.
23             THE COURT:  Is the pending PTAB decision, how is
24 that going to affect the discovery schedule or claim
25 construction or anything else I need to do here?

1     MR. McDOUGALL: Well, it could get rid of three of
2 the seven patents in this suit.
3     MR. DeVRIES: That's not correct, your Honor, and so
4 I'd like to clarify if I may.
5     So for four of the patents-in-suit, there's no PTAB
6 proceedings and the time has passed for there to be any new
7 filings of an IPR petition. For the three patents-in-suit,
8 what counsel said is inaccurate. For all three of those
9 patents, there are claims that were not challenged that are
10 not the subject of those proceedings and their time for
11 filing new petitions has passed.
12     So for all three of those claims -- all of those
13 patents, there are claims that will never be subject to the
14 IPR and that we believe are infringed. And the way that we
15 view this matter is that the PTAB proceeding will not have
16 any impact on either your Honor or your Honor's staff because
17 we can engage in approximately four months of fact discovery.
18 We think that's appropriate and fair. And before we even get
19 to the end of that, we will have the final written decisions
20 in the IPRs for that subset of claims from the three patents
21 and we can incorporate into the Local Patent Rule schedule,
22 the -- an election of claims, of course, but we don't think
23 that they'll have any substantial impact on the proceedings
24 here.
25     THE COURT: How far apart are the parties on an

1   agreed scheduling order?
2           MR. DeVRIES:  Very far.  We had proposed May of this
3   year for the conclusion of fact discovery with a trial by the
4   end of this year and what Hytera has proposed is March of
5   next year for the conclusion of fact discovery delaying even
6   starting on fact discovery for another three and a half
7   months or three months and then a trial in an undetermined
8   date but probably mid to late 2021 as opposed to 2019.
9           THE COURT:  Is that a fair assessment of your
10  proposal, counsel, a trial in 2021?
11          MR. McDOUGALL:  Well, no, not a trial in 2021, your
12  Honor.  The timeline that we set forth tracked the Local
13  Patent Rules directly so like the Local Patent Rules have
14  times, dates, and how many days between different items and
15  that's what we did with our schedule.  It's the default
16  timeline from the rules.
17          THE COURT:  It's the default timeline but there's
18  been a lot of things that have happened in this case too so
19  this is not necessarily a fresh case without any ITC or PTAB
20  issues or anything.
21          MR. McDOUGALL:  Yeah.
22          THE COURT:  This is what I'm going to do, I'm going
23  to pass the case.  I'm going to ask the parties to meet and
24  confer.  Assume that there's not a stay.  Assume that there's
25  more than four months discovery, though, because I want that

```
 1   PTAB decision out before discovery is finished and see if you
 2   can work out at least a broad outline of what it would look
 3   like.  I'm not envisioning a trial at the end of this year
 4   but I'm not envisioning a trial in 2021 either.  It probably
 5   would be in the spring of 2020 based on my trial schedule.
 6   It depends on anything you guys got going.
 7            So see if you can come to at least a tentative
 8   agreement on some of that.  If you are able to do that,
 9   that's great.  If you're not, that's okay too.  We'll talk
10   about it a little bit more at the end of the call.  Is that
11   okay?
12            MR. DeVRIES:  Yes, your Honor.  Thank you.
13            MR. McDOUGALL:  Okay.
14       (WHEREUPON the Court turned his attention to other
15   matters on his call, after which the following proceedings
16   were had in open court:)
17            COURTROOM DEPUTY.  17 C 1972, Motorola versus Hytera
18   Communications, recall.
19            THE COURT:  Good morning again, counsel.  Thank you
20   for your patience.  Yeah, let's do that.  Can I have
21   appearances again?
22            MR. DeVRIES:  Yes, your Honor.  This is Mike DeVries
23   and Adam Alper on behalf of Motorola Solutions, the
24   plaintiff.
25            MR. McDOUGALL:  Mark McDougall, Dan Stringfield on
```

1  behalf of Hytera, the defendant.
2          THE COURT:  All right.  What was the result of the
3  meet and confer?
4          MR. DeVRIES:  It was successful, your Honor.  We
5  took an assumed trial date given your Honor's comments in
6  March of 2020.  We worked back -- of course your Honor will
7  tell us when the actual trial date will be but we worked back
8  from there and we arrived at a series of dates that will
9  accommodate each of the dates that the parties believe should
10 occur that -- where discovery starts essentially, you know,
11 shortly after today and we get in all of the dates leading up
12 to an assumed March trial date.
13         I understand that counsel for Hytera needs to check
14 some schedules in order to pick those exact dates and what
15 we've agreed to do is once we have a specific trial date from
16 your Honor, if that's today, then by Monday we can put in an
17 agreed schedule that's in line with what we just discussed in
18 the meet and confer leading up to that trial date and that
19 will allow counsel for Hytera an opportunity to just confirm
20 if there's any particular conflict with the date.
21         THE COURT:  With -- in terms of the trial date or in
22 terms of the other dates as well?
23         MR. DeVRIES:  This subsequent -- I'm sorry.  The
24 dates prior to the trial.  So, for example, we talked about a
25 fact discovery cutoff, some claim construction disclosure

1  deadlines, some expert dates.  All of those are dates that
2  would not impact directly the Court.  And I understand that
3  counsel for Hytera needs to take the particular dates that we
4  discussed, which we're happy to share with your Honor if that
5  would be helpful, but they need to take those particular
6  dates and confirm there isn't a particular scheduling
7  conflict on their end.
8           THE COURT:  Well, why don't we do this, why don't --
9  I'll take the -- go ahead and confirm with whether or not the
10 proposed dates are good with your co-counsel and then submit
11 an agreed -- a proposed agreed scheduling order.  Obviously,
12 the trial date and all of that I'm going to have to move
13 those dates around.  But if you give me a broad outline of
14 where you guys think you need to -- how much time you need,
15 especially on the claim construction or the fact discovery, I
16 can use those as a starting point, come up with a proposed
17 order and then I'll enter an order which will be a modified
18 version of what you propose.  And then if there's any issues
19 with it, just contact my courtroom deputy and I'll put you
20 back on the call and we can see where we are.
21          Sometimes the -- how much time I need for
22 dispositive motions or for claim construction depends on the
23 complexity of what's in front of me so it's not a
24 cookie-cutter approach on that so we might need -- I need to
25 take a look at that and think about it based on what you

```
 1   propose.  So, do you want to do that?
 2               MR. DeVRIES:  Certainly, your Honor.  We can submit
 3   that by next Monday, I think, is the agreement.
 4               THE COURT:  Is that okay?
 5               MR. McDOUGALL:  Yeah, yeah.  That's fine, your
 6   Honor.  I just -- One question.
 7               THE COURT:  Yeah.
 8               MR. McDOUGALL:  You were anticipating a trial date.
 9   We're kind of basing our whole structure of these dates off
10   of anticipating.  He said March.  We were thinking maybe more
11   May.  Do you have any idea of when that might be or when you
12   were thinking because that's going to kind of govern the
13   remainder of the dates and later in the year is better for us
14   as well, your Honor.
15               THE COURT:  I don't know that because I don't -- I
16   want to see what your proposal is on the fact discovery and
17   those other matters because I want to -- because that's --
18   what you're anticipating I think is what I think is
19   appropriate in terms of getting the front end of the case
20   done.
21               MR. McDOUGALL:  Right.
22               THE COURT:  The exact trial date, that's going to be
23   a moving target so I have to -- I want the front dates
24   figured first before I -- and I think the -- using the goal
25   of a March date was the appropriate thing but the actual date
```

1 might be different depending on what my trial calendar looks
2 like.
3     MR. McDOUGALL: Okay.
4     THE COURT: So why don't we -- why don't you submit
5 what you have and then I'll figure out what it looks like.
6 And then if it doesn't work for everybody, you can all -- we
7 can come back in and make -- tweak it.
8     MR. McDOUGALL: Okay.
9     THE COURT: All right. You said by Monday, counsel?
10     MR. DeVRIES: Yes, your Honor.
11     THE COURT: All right. The parties meet and confer
12 regarding a case management order to submit a proposed order
13 to the Court by Monday and then put a note in CEO that we
14 need to look for that when it comes in and then I'll enter
15 the order, a revised order based on what you submit; and then
16 if there's any issues, we can take care of it.
17     MR. DeVRIES: Thank you, your Honor.
18     THE COURT: Thank you, counsel.
19     MR. McDOUGALL: Thank you.
20     MR. ALPER: Thank you.
21   (Which concluded the proceedings in the above-entitled
22 matter.)
23
24
25

```
 1                      C E R T I F I C A T E
 2           I hereby certify that the foregoing is a transcript
 3   of proceedings before the Honorable John Robert Blakey on
 4   February 6, 2019.
 5
 6   /s/Laura LaCien
 7   _____              February 7, 2019
     Laura LaCien                                  Date
 8   Official Court Reporter
```