```
 1                  IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3   MOTOROLA SOLUTIONS, INC.,       ) Docket No. 17 CV 1972
                                     )
 4          Plaintiff,               )
                                     ) Chicago, Illinois
 5              vs.                  ) March 26, 2019
                                     ) 10:15 o'clock a.m.
 6   HYTERA COMMUNICATIONS           )
     CORPORATION, LTD., et al.,      )
 7                                   )
            Defendants.              )
 8

 9             TRANSCRIPT OF PROCEEDINGS - Status
            BEFORE THE HONORABLE JOHN ROBERT BLAKEY
10

11   APPEARANCES:
     For the Plaintiff:      KIRKLAND & ELLIS LLP
12                           BY:  MR. MICHAEL W. DeVRIES
                             333 South Hope Street
13                           Los Angeles, California   90071

14                           KIRKLAND & ELLIS LLP
                             BY:  MR. AKSHAY S. DEORAS
15                           555 California Street
                             San Francisco, California   94104
16

17   For the Defendants:     CALFEE HALTER & GRISWOLD LLP
                             BY:  MR. JOHN S. CIPOLLA
18                           1405 East Sixth Street
                             Cleveland, Ohio   44114
19

20

21

22

23           LAURA LACIEN, CSR, RMR, FCRR, CRR
                   Official Court Reporter
24         219 South Dearborn Street, Suite 1212
                   Chicago, Illinois   60604
25                      (312) 408-5032
```

1      (The following proceedings were had in open court:)
2           COURTROOM DEPUTY:  17 C 1972, Motorola Solutions
3  versus Hytera Communications.
4           MR. DeVRIES:  Good morning, your Honor.
5           THE COURT:  Good morning, counsel.
6           MR. DeVRIES:  Mike DeVries on behalf of the
7  plaintiff Motorola Solutions, Inc.  With me here today is my
8  colleague Akshay Deoras.
9           MR. CIPOLLA:  John Cipolla here for the Hytera
10 defendants.
11          THE COURT:  Have you had an opportunity to look at
12 the amended complaint, counsel?
13          MR. CIPOLLA:  Yes, your Honor.
14          THE COURT:  All right.  Do you intend to file an
15 answer or renew a motion to dismiss or transfer?
16          MR. CIPOLLA:  We're going to renew our motion to
17 dismiss and transfer this time to the Central District of
18 California because in the amended complaint, they drop the
19 Hytera East entity but they still kept in the Hytera West.
20 We're going to -- again, we are going to move to dismiss or
21 transfer based on --
22          THE COURT:  How long do you need to file the motion,
23 counsel?
24          MR. CIPOLLA:  We can file it within one week.
25 Our --

```
 1              THE COURT:  Okay.  Gloria, give me a one-week date
 2   for filing a motion to dismiss or other responsive pleading.
 3              COURTROOM DEPUTY:  April 2nd.
 4              THE COURT:  How long do you need for a response,
 5   counsel?
 6              MR. DeVRIES:  Your Honor, until April the 19th if it
 7   is okay with the Court.
 8              THE COURT:  April 19th for a response.  Do you need
 9   a reply, counsel?
10              MR. CIPOLLA:  Yes, your Honor.
11              THE COURT:  How long?
12              MR. CIPOLLA:  One week.
13              THE COURT:  Okay.  One week for a reply?
14              COURTROOM DEPUTY:  April 26th.
15              THE COURT:  And then two weeks for hearing.
16              COURTROOM DEPUTY:  Thursday, May 9th at 9:45.
17              THE COURT:  Is that good for the parties?
18              MR. DeVRIES:  Yes, your Honor.
19              MR. CIPOLLA:  What was that?  I'm sorry.
20              THE COURT:  May 9th at 9:45.
21              MR. CIPOLLA:  Yeah.  That should be good, your
22   Honor.
23              THE COURT:  All right.  Anything else I can help you
24   with today?
25              MR. CIPOLLA:  Yes, your Honor. There's -- there's
```

1    proposed dates that we had submitted that the parties have
2    been living under but we have a large deadline under these
3    proposed dates.  All of our responses to their infringement
4    contentions -- there's 50 claims, seven patents -- that are
5    at issue here and we'd like -- I mean, even though none of
6    those dates have been entered and we've been doing as much
7    work as possible, we'd like to not have those dates be
8    effective and at least the case be stayed until this motion
9    is decided.
10           If your Honor recalls, and I wasn't here for the
11   previous hearings, there's also IPRs pending on three of the
12   seven patents that are -- have to be decided statutorily by
13   May 10th so it should give good timing to figure out which
14   court, which patents and which entity should be in the
15   lawsuit and we can work on the motion and briefing in the
16   meantime.
17           THE COURT:  What's your thought, counsel?
18           MR. DeVRIES:  Your Honor, Motorola strongly opposes
19   a stay.  Hytera has repeatedly requested a stay.  The Court
20   has repeatedly rejected that.  At the last hearing, the Court
21   instructed the parties that there is no stay, you can keep
22   proceeding with the case and Motorola has continued to
23   proceed in accordance with the parties' joint proposed
24   schedule that was filed on February the 22nd, including by
25   providing our initial infringement contentions, providing

1 initial disclosures, serving discovery and so on and we
2 believe that the amended complaint is clearly properly pled.
3 We believe that the Court will agree and we don't think there
4 is any basis to stay the case on the basis of the motion to
5 dismiss and certainly not on the basis of the IPRs which
6 don't apply to four of the seven patents-in-suit and for
7 three of the patents-in-suit there are claims that are not
8 subject to the IPRs and the final written decisions are
9 expected in May -- in other words, the month after next --
10 and so we do not believe that a stay of this case is
11 appropriate pending the renewed motion.
12      THE COURT: Anything else, counsel?
13      MR. CIPOLLA: Yes, your Honor. I mean, we have been
14 abiding by the dates and have been litigating and this
15 date -- the response to the contentions is a whole heck of a
16 lot of work and a lot of money will be spent doing it. In
17 this court, we haven't even answered the complaint yet and we
18 think it's patently unfair and I don't think the stay that
19 we're asking for is that long.
20      I mean, if counsel was willing -- and I offered to
21 move it the first time to Florida. Now they've dropped the
22 Florida entity and this time to California. If they really
23 wanted to move quick, they would do that. Of course, I
24 strongly disagree that this motion does not have merit but
25 I'll let my brief address that.

```
 1              THE COURT:  Anything else, counsel?
 2              MR. DeVRIES:  Just to say, your Honor, this case has
 3   been pending since March of 2017.  There has been further
 4   developments since our last conference and that is that
 5   neither party has filed an appeal of the ITC limited
 6   exclusion order finding that Hytera, including the corporate
 7   entity, has infringed and is barred from importing into the
 8   United States products that infringed four of Motorola's
 9   patents-in-suit.  And so the Court had asked the parties to
10   submit a joint proposed schedule anticipating a March of 2020
11   trial date.  We think that permitting a stay on the basis of
12   a motion that we do not think is well-founded is going to
13   prejudice Motorola by staying this case without a basis.
14              THE COURT:  Anything else?
15              MR. CIPOLLA:  Yeah.  I do not think there's that
16   much prejudice.  We're talking about one month out of the
17   schedule, your Honor, to figure out what is the proper court,
18   if we should even be in this court.  And again, I strongly
19   disagree that this motion will not have merit, so.
20              THE COURT:  Anything else?
21              MR. DeVRIES:  No, your Honor.
22              THE COURT:  All right.  In light of the fact that
23   there's not an answer in place, what I don't want is a
24   schedule in terms of infringement contentions, et cetera,
25   that has to be totally redone.  This is a short period of
```

```
 1  time between now and May 9th.  However, we will set
 2  court-imposed deadlines on May 9th so don't enjoy the stay
 3  long.  I will grant the oral motion for stay pending through
 4  and including our next court date and then I will set case
 5  management dates on May 9th assuming I don't dismiss or
 6  transfer the case.  I don't know what I'm going to do because
 7  I haven't seen the parties' briefs yet.  So the March trial
 8  date of 2020, that is still going to be our schedule so our
 9  ultimate end is not going to move in light of the one-month
10  stay.
11            Anything else, counsel?
12            MR. DeVRIES:  One request for clarification,
13  your Honor.  Motorola has served certain discovery in
14  connection with the venue objection.  I understand from
15  speaking with counsel this morning that they intend to
16  provide some of that discovery.  For example, they rely on a
17  lease that they say was entered into at a particular time
18  and, in addition, they provided a declaration from a witness
19  and I understand that they were -- that they are preparing to
20  provide that discovery.  I just want to clarify that the
21  Court's stay is not going to provide a basis for Hytera to
22  refuse to provide the venue-related discovery that they're in
23  the process of providing.
24            THE COURT:  That sounds reasonable, huh?
25            MR. CIPOLLA:  That sounds reasonable.  However, they
```

1  served several deposition notices that don't have any bearing
2  anymore because Hytera East is no longer in the case.  But
3  for the declarant and definitely the lease and -- a
4  deposition of the declarant definitely we will provide.
5              THE COURT:  All right.  The venue discovery is not
6  subjected to a stay so you're allowed to propound discovery
7  regarding the issue that the Court needs to address.
8              MR. DeVRIES:  Thank you, your Honor.
9              THE COURT:  Thank you.
10             MR. CIPOLLA:  Thank you, your Honor.
11             THE COURT:  Thank you.
12       (Which concluded the proceedings in the above-entitled
13  matter.)
14                       C E R T I F I C A T E
15             I hereby certify that the foregoing is a transcript
16  of proceedings before the Honorable John Robert Blakey on
17  March 26, 2019.
18
19  **/s/Laura LaCien**
    _____                    March 31, 2019
20  Laura LaCien                                     Date
    Official Court Reporter
21
22
23
24
25