```
 1                    IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
 2                            EASTERN DIVISION

 3   MOTOROLA SOLUTIONS, INC.,      ) Docket No. 17 CV 1972
                                    )
 4           Plaintiff,             )
                                    ) Chicago, Illinois
 5              vs.                 ) August 15, 2019
                                    ) 9:45 o'clock a.m.
 6   HYTERA COMMUNICATIONS          )
     CORPORATION, LTD., et al.,     )
 7                                  )
             Defendants.            )
 8

 9
                  TRANSCRIPT OF PROCEEDINGS - Status
10            BEFORE THE HONORABLE JOHN ROBERT BLAKEY

11

12   APPEARANCES:
     For the Plaintiff:       KIRKLAND & ELLIS
13                            BY:  MR. MICHAEL W. DeVRIES
                              333 South Hope Street
14                            Suite 2700
                              Los Angeles, California  90071
15
                              KIRKLAND & ELLIS
16                            BY:  MR. ADAM R. ALPER
                              555 California Street
17                            27th Floor
                              San Francisco, California  94104
18
     For the Defendants:      CALFEE HALTER & GRISWOLD LLP
19                            BY:  MR. JOHN S. CIPOLLA
                              1405 East Sixth Street
20                            Cleveland, Ohio  44114

21

22
                  LAURA LACIEN, CSR, RMR, FCRR, CRR
23                      Official Court Reporter
              219 South Dearborn Street, Suite 1212
24                     Chicago, Illinois  60604
                            (312) 408-5032
25
```

```
 1          (The following proceedings were had in open court:)
 2              COURTROOM DEPUTY:  17 C 1972, Motorola Solutions
 3   versus Hytera Communications.
 4              THE COURT:  Good morning, counsel.  Appearances.
 5              MR. DeVRIES:  Good morning, your Honor.  Mike
 6   DeVries --
 7              MR. ALPER:  Good morning, your Honor.
 8              MR. DeVRIES:  -- and Adam Alper on behalf of the
 9   plaintiff Motorola Solutions.
10              MR. CIPOLLA:  John Cipolla here on behalf of the
11   Hytera defendants.
12              THE COURT:  Are we able to set case management dates
13   today?
14              MR. DeVRIES:  Your Honor, we have conferred.  The
15   primary area of dispute between the parties is when the trial
16   date should be -- what trial date we should be working
17   towards.  Before the stay was entered at the end of March,
18   we -- the parties had submitted a joint schedule working
19   towards a March 2020 trial date.  We know that your Honor in
20   the March hearing indicated that the stay would not impact
21   that trial date.
22              Motorola's position is that the trial should proceed
23   in March.  We've conferred and we understand that Hytera's
24   position is that it should proceed in August.  However, I
25   believe based on the discussions that there may be some
```

1  middle ground to be reached; and perhaps if your Honor is
2  able to let the parties know the Court's availability for a
3  trial in perhaps May or early June, we are confident that we
4  can work back from there to submit an agreed schedule to the
5  Court within the next several days and that's something that
6  we discussed with counsel for Hytera, that if the Court
7  provides the parties with guidance about what trial date we
8  should work towards, we're confident we can submit an agreed
9  schedule, of course subject to your Honor's approval.
10             THE COURT:  Is that your thoughts?
11             MR. CIPOLLA:  Your Honor, you know, I'd like to
12 argue in favor of the August trial date.  When the Court
13 indicated it would set dates and not move the trial date, the
14 date set for -- by which the motion to dismiss was going to
15 be decided was May 9th if you read your transcript of that
16 hearing, and the decision didn't come down until this August
17 and so we've lost three months there.  And there's no way --
18 and I've been doing this for 30 years -- that we can get the
19 seven patents done on 57 now alleged infringing products done
20 in six months.
21             We think August is do-able, although it's going to
22 be really tough.  I normally would think that a year and a
23 half, two years to get it to a trial on this but, you know,
24 August, I think looking at the schedule, the local rule --
25 patent rules and what we have to do, that's reasonable.  And

1 more than that, I don't think it prejudices Motorola in any
2 way.
3      May 15th is when they filed their amended complaint
4 based on our first motion to dismiss and they added about 40
5 new pages of subject matter to that complaint.  It's now like
6 90 pages long and they add approximately 30 new products so
7 now we have 57 new products at issue.  Motorola served
8 infringement contentions actually before they filed their
9 amended complaint that didn't address any of the new products
10 that are in the amended complaint so we don't even know how
11 they're alleging infringement of that.
12      And more than that, the -- all the products that
13 were in the first complaint, they've already been enjoined by
14 the ITC.  They're not for sale anymore so there's no -- no
15 real harm to Motorola and there's no pending preliminary
16 injunction or allegation of irreparable harm.  Money damages
17 for three or four more months of alleged infringement would
18 adequately compensate them.
19      Meanwhile my client, this I-Series, the new products
20 that are alleged, is very important.  That product was
21 actually blessed by the ITC.  They withdrew all the patents
22 infringing -- alleged to infringe on these new products
23 except for one which the ITC found not to be infringed.  And
24 so we don't think -- that is a very important set of products
25 for us.  We'd like to be able to present an adequate defense.

1   And if you compress the schedule beyond August, we think
2   we're going to be severely prejudiced.  So I really don't
3   think, you know, June versus August is that big of a deal.
4               And I do agree with Mr. DeVries that once we get
5   the trial date target, we'll be able to agree by next
6   Wednesday.  We'll submit something to the Court on the rest
7   of the scheduling dates.
8               THE COURT:  Anything else, counsel?
9               MR. DeVRIES:  Yes.  I just need to correct something
10  which is that the I-Series products that was -- that counsel
11  refers to, they were provided in our infringement contention
12  so it's inaccurate to say that they weren't.  They were
13  included in our infringement contentions.  We provided that
14  when the case was unstayed by your Honor in February.  We
15  proceeded with discovery at that time and it was only three
16  days before the invalidity contentions were due that the case
17  was stayed again.
18              And I'm sure your Honor has this in mind but these
19  patents, all seven of them, were almost fully litigated in
20  the ITC claim construction, expert discovery for four of the
21  seven that actually proceeded to a hearing.  We fully
22  recognize that those determinations are not binding on your
23  Honor but we've reached a cross-use agreement which was
24  entered by your Honor during the time the case was unstayed
25  so that all the materials in discovery from those proceedings

1   are available here. And we would -- Motorola Solutions
2   definitely would be irreparably harm. We've been asking to
3   proceed as quickly as possible.
4          When your Honor stayed the case again in March, we
5   indicated that our belief was that the motion to dismiss
6   would be denied. We thought that the stay should not
7   continue and so we do think that having them continue to sell
8   our patented technology as their I-Series products does
9   causes irreparable harm. This is a competitor dispute. It's
10  been pending since March of 2017 and we are very anxious to
11  get to trial as quickly as possible.
12         Final update just in case this didn't come up in the
13  last discussion, the IPRs that Hytera was using to ask your
14  Honor to stay the case when they made that request in
15  November of last year, again in February of this year and
16  then again in March, all three of those IPRs had been
17  decided. All three of those were favorable to Motorola. All
18  of the claims were confirmed in two. Some of the claims were
19  confirmed in the third. Hytera is now estopped from
20  asserting prior art invalidity. That's within the scope of
21  that estoppel for all three of those patents and there is no
22  further ability on the part of Hytera to file IPRs in any of
23  the remaining patents.
24         And so the case really is -- although there are
25  seven patents, a lot has been done and I think we are in a

```
 1   position to very easily frankly get to a March trial date of
 2   next year or something very close to that.
 3               THE COURT:  Anything else, counsel?
 4               MR. CIPOLLA:  Yes.  I strongly dispute that more
 5   than three of the patents were actually litigated to
 6   conclusion are under claim construction.  They were withdrawn
 7   from the ITC except all but three.  And I have not seen any
 8   infringement allegations on the I-Series and, in fact, I
 9   asked counsel whether he's going to submit some and he didn't
10   know, some new infringement contentions before today's
11   hearing, your Honor.
12               THE COURT:  How long do you need to file an answer?
13               MR. CIPOLLA:  What's that?
14               THE COURT:  How long do you need to file an answer?
15               MR. CIPOLLA:  We talked about that, your Honor --
16               THE COURT:  Can you get it done by September 16?
17               MR. CIPOLLA:  We were going to try to shoot for
18   August -- actually the end of the week of -- or before Labor
19   Day, your Honor, which I believe is August 28th.
20               THE COURT:  Okay.  Is that a realistic date?  Can
21   you get it done by then?
22               MR. CIPOLLA:  Yes.
23               THE COURT:  August what?
24               MR. CIPOLLA:  28th.
25               THE COURT:  All right.  Oral motion to file answer
```

1   on or before August 28th is granted.  I'm listening to
2   defense counsel's argument and it's making a lot of sense to
3   me.  There's a lot left to do in the case.  I don't think
4   we're going to make that trial date.  I don't think it's
5   accurate.  It did take me longer than expected because things
6   sometimes take longer than expected to get to certain things.
7   So I'm going to strike the March trial date and I'm going to
8   enter a schedule that's more consistent with the local rules,
9   local patent rules.
10          Teeing off this answer, I still think there's
11  infringement contention issues that are unresolved so we got
12  a lot of work to do.  We're not going to make a March trial.
13  So I realize that's not preferable but it's -- you have to do
14  it right; not fast, so.  I'm going to enter an order and be
15  consistent with the local rules.
16          If you have any -- there's going to be a lot of
17  dates in it obviously, more than I'm going to put on the
18  record right now in light of the fact there's other attorneys
19  waiting.  If there's any specific issues with the dates, meet
20  and confer, call my courtroom deputy.  If you want to make a
21  modest adjustment to the dates, like a hearing date, I've got
22  family vacation or something like that, just let me know.
23  Otherwise, I'll enter an order based on the new answer date.
24          Anything else, counsel?
25          MR. DeVRIES:  No, your Honor.

```
 1            MR. CIPOLLA:  No, your Honor.
 2            THE COURT:  All right.  Thanks.
 3            MR. CIPOLLA:  Thank you.
 4      (Which concluded the proceedings in the above-entitled
 5   matter.)
 6                      C E R T I F I C A T E
 7            I hereby certify that the foregoing is a transcript
 8   of proceedings before the Honorable John Robert Blakey on
 9   August 15, 2019.
10
11   /s/Laura LaCien
     _____             August 22, 2019
12   Laura LaCien                                 Date
     Official Court Reporter
13
```