IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOTOROLA SOLUTIONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:17-cv-01972 |
| v. | ) | |
| | ) | District Judge Franklin U. Valderrama |
| HYTERA COMMUNICATIONS | ) | |
| CORPORATION LTD., | ) | Magistrate Judge Jeffrey I. Cummings |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Motorola Solutions, Inc., has filed a motion seeking leave to amend its final infringement contentions and to compel defendants – Hytera Communications Corporation Ltd. and Hytera America (collectively "Hytera") – to supplement their responses to various discovery requests with information regarding Hytera products that were released in October 2021.[1] (Dckt. #254). Hytera filed a response, arguing that Motorola failed to show good cause to amend its final infringement contentions and that the discovery sought by Motorola is irrelevant because it relates to products that are not accused in this matter. (Dckt. #263). For the reasons that follow, the Court grants Motorola leave to amend its final infringement contentions and finds that Hytera must amend its discovery responses accordingly.

**I. BACKGROUND**

Motorola filed this lawsuit in 2017 alleging that Hytera had infringed on seven patents (namely, patents '284, '169, '869, '701, '991, '972, and '111) that are related to digital, two-way

---

[1] Pursuant to the parties' stipulation of voluntary dismissal with prejudice, all claims against defendant Hytera Communications America (West), Inc., were dismissed on July 21, 2022. (Dckt. #269).

1

radio technologies. (Dckt. #1). Hytera subsequently brought a counterclaim against Motorola, seeking declarations of invalidity and noninfringement. (Dckt. #105).

Motorola served its final infringement contentions on August 5, 2020. These contentions included the redesigned "i-Series" DMR radios, which Hytera had released in 2019. (Dckt. #254 at 4). On or around October 29, 2021, Hytera announced the launch of yet another line of DMR radios: the "H-Series." (*Id.*). Thirteen days later, during a meet and confer, Motorola informed Hytera that it would seek additional discovery related to the H-Series products. (Dckt. #254 at 4; Dckt. #263 at 5). On November 16, 2021, Motorola sent Hytera a letter doing just that. (Dckt. #263-2). In particular, Motorola asked that Hytera supplement its document production, source code production, and interrogatory responses to include information regarding the H-Series radios, as well as provide a witness to testify at a deposition about technical details, marketing, and financial data related to the H-Series. (Dckt. #246). On November 19, 2021, Hytera informed Motorola that it would not provide the requested information because the H-Series products had not been accused of infringement. (Dckt. #263 at 5).

The parties were unable to come to an agreement and, on November 23, 2021, they submitted a joint status report outlining their positions on discovery related to the H-Series. (Dckt. #246). On January 3, 2022, the Court ordered Hytera "to provide limited discovery" stipulating: (1) whether the H-Series products include any of the accused features, and (2) whether the H-Series is intended for sale in the United States. (Dckt. #247). Following this disclosure, the parties were to meet and confer to "determine whether any further discovery related to the H-Series radios [was] appropriate." (*Id.*). The Court also set a fact discovery deadline of February 18, 2022. (*Id.*).

Pursuant to the Court's order, Hytera supplemented its response to Motorola's Interrogatory No. 11 on January 18, 2022. Hytera disclosed that the H-Series included four two-way radios, a mobile radio, and a DMR repeater, which a third-party had begun importing into the United States. (Dckt. #250 at 3). Hytera further stipulated that the H-Series products had the "same functionality as the i-Series" with respect to the accused features related to the '284 and '169 patents. (*Id.*).

On February 17, 2022, Motorola sent Hytera a letter asking that Hytera: (1) confirm whether its statement that the H-Series incorporated "the same functionality as the i-Series" meant that the products use the same source code as the i-Series for the accused features; and (2) disclose whether it would raise any new or different non-infringement defenses for the H-Series. (Dckt. #250-1). Fact discovery closed the next day. On February 22, 2022, Hytera responded that it would not answer the two questions posed by Motorola, as the questions were "procedurally out of time and substantively inappropriate." (Dckt. #250-2). During a subsequent meet and confer on March 3, 2022, Hytera confirmed that it would oppose Motorola's request for leave to supplement its infringement contentions and that it would not provide any discovery related to the H-Series absent a Court order. (Dckt. #254). Motorola filed the instant motion on March 14, 2022.

## II. LEGAL STANDARD

The Northern District of Illinois has adopted local patent rules designed "to prevent a 'shifting sands' approach to claim construction by forcing the parties to 'crystallize their theories of the case early in litigation.'" *Beckman Coulter, Inc. v. Sysmex Am., Inc.*, No. 18-cv-6563, 2019 WL 1875356, at *2 (N.D.Ill. Apr. 26, 2019); *Nordstrom Consulting, Inc. v. Innova Sys., Inc.*, No. 18-cv-3011, 2022 WL 16744177, at *2 (N.D.Ill. Nov. 4, 2022). Motions to amend final

3

infringement contentions are governed by Local Patent Rule 3.4, which provides that a party may amend its final infringement contentions "only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment." LPR 3.4; *Oleksy v. Gen. Elec. Co.*, No. 06 C 1245, 2013 WL 3944174, at *2 (N.D.Ill. Jul. 31, 2013). The party seeking to amend its infringement contentions bears the burden of establishing good cause and lack of unfair prejudice. *Thermapure, Inc. v. Giertsen Co. of Illinois*, No. 10 C 4724, 2012 WL 6196912, at *1 (N.D.Ill. Dec. 11, 2012).

As for Motorola's motion to compel, a party may file such a motion under Federal Rule of Civil Procedure 37 whenever another party fails to respond to a discovery request or when its response is insufficient. Fed.R.Civ.P. 37(a). Courts resolve these disputes by adopting a liberal interpretation of the discovery rules. *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D.Ill. 2018). Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1); *see Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F.Supp.3d 916, 924 (N.D.Ill. 2019) ("Relevance focuses on the claims and defenses in the case, not its general subject matter."). Discoverable information is not limited to evidence admissible at trial. Fed.R.Civ.P. 26(b)(1). The Court has broad discretion both in managing discovery matters and when enforcing the Local Patent Rules. *Medline Indus., Inc. v. C.R. Bard, Inc.*, 511 F.Supp.3d 883, 888-89 (N.D.Ill. 2021).

### III. ANALYSIS

Motorola asserts that it has shown good cause for the proposed amendments to its final infringement contentions and that the amendments it seeks will not unfairly prejudice Hytera. Motorola further argues that – regardless of whether the contentions are amended – Hytera has

4

an obligation to supplement its discovery responses with information related to its new H-Series. The Court will address each argument in turn.

### A. Motorola may amend its final infringement contentions to include Hytera's H-Series products.

Motorola seeks leave to amend its final infringement contentions to accuse the H-Series of infringing four patents: '284, '169, '869, and '701. (Dckt. #254 at 7). Hytera opposes this motion, calling the effort to supplement a "fishing expedition" and arguing that it would be "greatly prejudiced" by the additional discovery such an amendment would prompt. (Dckt. #263 at 4). For the following reasons, the Court finds that Motorola has met its burden under Local Patent Rule 3.4 to show both good cause and lack of unfair prejudice.

#### 1. Motorola has established good cause to amend its infringement contentions.

"Courts have interpreted the good cause requirement to not only require a showing that a valid basis for amendment exists but also that the party seeking leave to amend acted diligently." *Oleksy*, 2013 WL 3944174, at *2. Hytera first argues that Motorola has failed to offer a valid basis for amendment because it "does not have requisite information to even allege the H-Series as an accused product at this point." (Dckt. #263 at 8). Hytera goes on to say that Motorola is in a pickle, as it "failed to conduct a pre-suit investigation relating to the H-Series before discovery closed, but it needs discovery to justify adding the H-Series to this case." (*Id.*). The Court disagrees.

First, the Court notes that Motorola *has* offered a basis for its amendment: namely, Hytera's own January 18, 2022 disclosure. In particular, Hytera admits that the H-series products include the "same functionality" as the accused i-Series products as related to patents '284 and '169. (Dckt. #250 at 3). With regard to the other two patents – '869 and '701 –

5

Motorola plans to "accuse the H-Series under the same theory with which it accuses the i-Series of infringing those two patents." (Dckt. #254 at 8). In other words, Motorola has the same bases for accusing the H-Series products as it does for the already-accused i-Series products.

Second, infringement contentions do not "require a party to set forth a prima facie case of infringement and evidence in support thereof." *Realtime Data, LLC v. Packeteer, Inc.*, No: 6:08-cv-144, 2009 WL 2590101, at *5 (E.D.Tex. Aug. 18, 2009). Rather, they are "meant to frame the scope of the case in order to provide for timely discovery." *Fujitsu Ltd. v. Tellabs Operations, Inc.*, Nos. 08 C 3379, 09 C 4530, 2012 WL 5444979, at *4 (N.D.Ill. 2012); *see also PersonalWeb Techs., LLC Google Inc.*, No. C13-01317-EJD (HRL), 2014 WL 218164, at *4 (N.D.Cal. Jan. 17, 2014) ("[T]he expectation that a 'patentee would have a precise sense of its infringement theory at the outset' is 'unrealistic . . . [where] the patentee may not have been able to get access to the necessary information because it is hidden from view . . . .'"), *quoting* Peter S. Menell et al., Federal Judicial Center, Patent Case Management Judicial Guide 4-14 (2009). It is enough, therefore, that a plaintiff give "reasonable notice to the defendant [as to] why the plaintiff believes it has a reasonable chance of proving infringement and raise a reasonable inference that all accused products infringe." *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. CV 12-01971-CW (KAW), 2013 WL 633406, at *3 (N.D.Cal. Feb. 20, 2013).

Hytera does not claim any confusion as to why Motorola believes the H-Series products infringe upon the four listed patents. Accordingly, the Court finds that the reasons submitted by Motorola for adding the H-Series are sufficient to constitute a valid basis for the amendment. *See Midwest Athletics and Sports All. LLC v. Xerox Corp.*, No. 19-cv-6036W, 2021 WL 2906372, at *8 (W.D.N.Y. Jul. 9, 2021) (noting that a party need not confirm its infringement theories before asserting proposed allegations); *Fujitsu Ltd.*, 2012 WL 5444979, at *6 (same).

The Court further notes that Motorola's inability to provide the evidence that would generally support a motion to amend – such as source code – is entirely the result of Hytera's refusal to answer the questions that would allow it to do so. *See Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C13–159 CW, 2013 WL 5955548, at *2 (N.D.Cal. Nov. 6, 2013) ("Courts typically grant leave to amend infringement contentions after a patentee has been given the opportunity to inspect relevant source code."). On February 17, 2022, Motorola asked Hytera to confirm whether the H-Series products contain the same source code as the i-Series products for the accused features and whether Hytera would raise any new or different non-infringement defenses for the H-Series. After refusing to comply with these requests, Hytera cannot now fault Motorola for failing to produce that same evidence in support of the instant motion. *See Mondis Tech., Ltd. v. LG Electronics, Inc.*, Nos. 2:07-cv-565-TJW-CE, 2:08-cv-478-TJW, 2011 WL 2149925, at *2 (E.D.Tex. May 5, 2011) ("TPV cannot complain of prejudice when it was TPV's discovery procedures that created, at least in part, the problem.").

As for whether Motorola acted with diligence, "the relevant inquiry is not when the party learned about the information, but when it *could have* made the discovery." *Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10 C 204, 2013 WL 622951, at *2 (N.D.Ill. Feb. 20, 2013) (emphasis added). Here, as explained in Section I, Hytera announced the release of the H-Series on October 29, 2021. Less than two weeks later – on November 11, 2021 – Motorola informed Hytera that it would seek additional discovery related to the H-Series products. Hytera refused to provide the requested information, prompting Motorola to seek relief from this Court, which was granted on January 3, 2022. On January 18, 2022, Hytera admitted that the H-Series products shared the same functionality as the i-Series. One month later, Motorola posed additional questions related to that disclosure, which Hytera twice refused to answer. Motorola

7

filed the instant motion eleven days after the second refusal. In light of this timeline, the Court finds that Motorola acted diligently.

First, the fact that Motorola could not have independently accessed information regarding the H-Series prior to Hytera's October 29 announcement supports a finding of diligence. *See GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00311-JRG-RSP, 2020 WL 7698831, at *2 (E.D.Tex. 2020) ("The Court has routinely held that a patentee has good cause to amend its infringement contentions to include newly accused products that the defendant introduced to the market after the plaintiff served its initial infringement contentions."); *compare Pavo Sols. LLC v. Kingston Tech. Co. Inc.*, No. 8:14-cv-1352-JLS-KES, 2018 WL 5099294, at *2 (C.D.Cal. July 18, 2018) (finding a lack of diligence where plaintiff could have discovered the potentially infringing devices earlier had it conducted a more thorough investigation).

Second, while Hytera makes much of the fact that Motorola waited until after fact discovery had closed to file the instant motion, (Dckt. #263 at 10), the Court finds it more pertinent that Motorola waited only *thirteen days* after the release of the H-Series to notify Hytera that it would request additional discovery related to those products. Courts have found that such prompt discovery requests regarding potential infringement contentions are sufficient to put the opposing party on notice and, therefore, support a finding of diligence. *See, e.g., Polaris PowerLED Techs. v. Samsung Elecs. Am., Inc.*, No. 2:17-cv-00715-JRG, 2019 WL 11585349, at *3 (E.D.Tex. Apr. 24, 2019) ("The Note9 and Kant M2/M3 TVs had not yet been launched by the time Polaris served its initial infringement contentions, and Polaris was diligent in seeking discovery on these products and seeking to amend its contentions as soon as it became aware that these products might infringe."); *Bd. of Tr. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C 05–4158, 2008 WL 624771, at *3 (N.D.Cal. March 4, 2008)

8

("Though Stanford was arguably not diligent in pursuing the amendment with this court, it was diligent in notifying and seeking discovery from Roche."); *IXYS Corp. v. Advanced Power Tech., Inc.*, 321 F.Supp.2d 1133, 1152 n.19 (N.D. Cal. 2004) ("While [defendant's] motion makes clear that it has not complied fully with the letter of the local rules, the court finds that [plaintiff] has long been on notice of these potential combination[s].").[2]

Perhaps Motorola should not have waited a month to seek clarification regarding Hytera's January 18, 2022 disclosure, as Hytera suggests. (Dckt. #263 at 11). But the Court does not find this delay to be dispositive. *See Linex Techs., Inc.*, 2013 WL 5955548, at *1 ("[E]ven if the movant was arguably not diligent, the court retains discretion to grant leave to amend."). Even if Motorola had immediately sought clarification regarding Hytera's statement that the H-Series contained the "same functionality" as the contested i-Series and filed a motion to amend its contentions that very day, the motion would not have been resolved until after the fact discovery deadline. In other words, the parties would be in precisely the same position as they are in now. Because Motorola has shown that it has a valid basis for its proposed amendments (the new products incorporate the same technology as other accused products) and that it acted with diligence (by promptly seeking discovery after Hytera announced the new

---

[22] The above-outlined circumstances – namely, that Motorola (1) could not have discovered information related to the H-series prior to Hytera's announcement; (2) promptly notified Hytera that it would seek discovery on these products; and (3) diligently pursued, through court filings and meetings with opposing counsel, additional discovery related to these products in the following weeks – distinguishes this case from those cited by Hytera. *Thermapure*, 2012 WL 6196912, at *1; *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1367 (Fed.Cir. 2006) (finding no diligence where plaintiff failed to explain why it took three months to sufficiently develop a theory supporting its proposed amended contentions); *Philps North America LLC v. Fitbit LLC*, No. 19-11586-FDS, 2021 WL 5417103, at *3 (D. Mass. Nov. 19, 2021) (although defendant was on notice that plaintiff would seek an amendment, the court found a lack of diligence where "plaintiff *did nothing* for many months after that 'notification'") (emphasis added).

9

product line and seeking leave to amend within five months of the products' release), the Court finds that it has met its burden of showing good cause to amend.

### 2. Hytera will not be unfairly prejudiced by the proposed amendments to Motorola's infringement contentions.

The Court further finds that permitting Motorola to amend its final infringement contentions would not unfairly prejudice Hytera. First, the fact that Motorola accuses the H-Series products under the same theories of infringement as the i-Series weighs strongly against a funding of unfair prejudice. *See Midwest Athletics and Sports All. LLC*, 2021 WL 2906372, at *7 (finding no undue prejudice where new products "are alleged to infringe for the same reason as the currently accused products"); *Philips North Am. LLC*, 2021 WL 5417103, at *5 ("Some district courts have found that a party may move to add a new or updated product without prejudicing the non-moving party if that addition would not substantially change the asserted infringement theory.") (citing cases); *Zest IP Holdings, LLC v. Implant Direct MFG, LLC*, No. 10-cv-0541-GPC-WVG, 2013 WL 1626111, at *4 (S.D.Cal. Apr. 15, 2013) (granting motion to amend infringement contentions to add updated version of accused product, where plaintiff argued that same patent claims and infringement theories applied).

The Court acknowledges that fact discovery has now closed and, at a certain point, this case must begin "to narrow, not expand." *Richtek Tech. Corp. v. uPi Semiconductor Corp.*, No. C 09-05659 WHA, 2016 WL 1718135, at *3 (N.D.Cal. Apr. 29, 2016); *see also Rembrandt Patent Innovations, LLC v. Apple Inc.*, Nos. C 14-05094 WHA, C 14-05093 WHA, 2015 WL 8607390, at *3 (N.D.Cal. Dec. 13, 2015) ("There must be some reasonable cut-off date after which [a patent holder] cannot further expand the case simply because [the accused infringer]'s product cycle has outpaced the resolution of this case."). Nonetheless, Motorola has stipulated that the additional discovery needed with regard to its proposed additions would be "targeted"

10

and "limited," such that it could be completed within thirty to sixty days. (Dckt. #254 at 11). This, too, supports a finding that Hytera would not suffer unfair prejudice. *See Midwest Athletics and Sports All. LLC*, 2021 WL 2906372, at *7 (finding no prejudice where plaintiff represented that the addition of new products would require "minimal discovery limited to technical documents, such as user guides and product manuals, and financial information").

Furthermore, while the Court agrees with Hytera's assertion that it would incur some expense and burden if required to engage in additional discovery, Hytera fails to explain how the targeted discovery sought by Motorola would cause it to experience "undue prejudice." *See Corel Software, LLC v. Microsoft Corp.*, No. 2:15-cv-00528-JNP-PMW, 2018 WL 5792323, at *3 (D.Utah Nov. 5, 2018) ("[I]t is usually true that any amendment of the Final Contentions would lead to additional work and expense on the part of the non-amending party. Thus, the inconvenience and expense required by additional discovery and briefing of the new issues does not generally rise to the level of *undue* prejudice.") (emphasis in original); *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-cv-01745-VC (KAW), 2015 WL 5440674, at *3 (N.D.Cal. Sept. 15, 2015) ("[V]ague statements professing undue prejudice without articulating any substantive ways in which it will be prejudiced – which should be apparent because the proposed infringement contentions were provided – is insufficient.").

Finally, the Court finds that the proposed amendments would not seriously disrupt the timeline for the completion of this litigation. As Motorola notes, claim construction has yet to be decided, expert depositions have not been taken, and the parties have not filed motions for summary judgment. (Dckt. #254 at 11). *See GREE, Inc.*, 2020 WL 7698831, at *4 (finding minimal prejudice caused by adding additional product on the "eve of expert reports" where amended contentions would not impact claim construction or invalidity contentions); *TurboChef*

11

*Techs., Inc. v. Garland Commercial Indus., LLC*, No. 3-07-cv-1330-F, 2010 WL 11618098, at *3 (N.D.Tex. Mar. 9, 2010) (finding no prejudice where defendant had "not shown that the amendment of the infringement contentions [would] impact claim construction issues the Court [had] already addressed"). The Court can mitigate any potential prejudice by adjusting the discovery deadline according to the parties' needs.

Because Motorola has shown good cause for its proposed amendments and that Hytera will not be unfairly prejudiced by them, the Court grants Motorola leave to amend its final infringement contentions to include Hytera's H-Series products.

      **B.**     **Hytera must amend its discovery responses to provide technical documentation and source code related to the H-Series products.**

The Court now turns to Motorola's request to compel amended discovery responses that include information on Hytera's H-Series products. Motorola argues that – pursuant to Federal Rule of Civil Procedure 26(e) – Hytera was obligated to supplement its responses to Requests for Production Nos. 1-8, 15-36, 40, 42-43, 45-52, 56, 60, 64, 83, 85, 104-108, 121, 131, and 133-35 with information regarding the H-Series products as soon as those products were developed and released. According to Motorola, the H-Series constituted an "Accused Product" and, therefore, was covered by these requests even before Motorola accused the H-Series of infringing its asserted patents – or, indeed, before Motorola knew the H-Series line existed. (Dckt. #254 at 12). Motorola asks that the Court compel Hytera to amend its responses to those requests and provide "a corporate designee to testify about the development and operation of the H-series." (*Id.* at 254). Hytera responds that it had no duty to supplement discovery with information about the H-Series because the H-Series "is not part of this case." (Dckt. #263 at 14).

In light of the Court's decision to grant Motorola leave to amend its final infringement contentions to include the H-Series products, the question of whether the H-Series falls under

12

Motorola's definition of an "Accused Product" is now irrelevant. Once Motorola submits its amended contentions, these products will unquestionably be a "part of the case." Accordingly, Hytera must amend its discovery responses to include information related to the H-Series.

Because Hytera maintained that it should not be required to provide *any* discovery related to the H-Series, it did not address the particular discovery requests made by Motorola in its brief opposing Motorola's motion to compel. (Dckt. #263 at 14-15). Accordingly, the parties shall meet and confer to determine what additional discovery is necessary in light of the pending amendment. Given the fact that the parties have already completed fact discovery related to Motorola's other infringement contentions, the Court expects this process will mirror the process that the parties have already completed. Motorola's stipulation that any additional discovery would be "targeted" and "limited," (Dckt. #254 at 11), further assures this Court that Motorola will tailor its requests to seek only information that is clearly relevant and important to its infringement claims. At the very least, Hytera shall: (1) provide Motorola with the source code for the soon-to-be-accused H-Series products; (2) stipulate whether it will raise any new or different non-infringement defenses for the H-Series; and (3) prepare a corporate designee to testify about the H-Series.

By February 2, 2023, the parties shall submit a joint status report setting forth: (1) what date Motorola will depose a Hytera witness regarding the H-Series products; (2) the agreed-upon scope of discovery related to Hytera's H-Series products; and (3) a reasonable deadline by which the parties expect this discovery to be completed. The Court will issue an updated fact discovery deadline following the submission of this report.

## CONCLUSION

For the foregoing reasons, Motorola's motion seeking leave to amend final infringement contentions and compelling discovery of technical information about Hytera's H-Series DMR Products, (Dckt. #254), is granted. Motorola shall serve its amended infringement contentions by January 13, 2023. The parties shall meet and confer to discuss what targeted discovery related to the H-Series is necessary and to determine a reasonable timeline for Hytera to provide its amended responses. By February 2, 2023, the parties shall submit a joint status report regarding their proposed schedule for the completion of the addition fact discovery specified herein.

**ENTERED: January 5, 2023**

**Jeffrey I. Cummings**
**United States Magistrate Judge**