**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MOTOROLA SOLUTIONS, INC.,<br><br>Plaintiff<br><br>v.<br><br>HYTERA COMMUNICATIONS CORPORATION LTD.<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:17-cv-01972<br><br>Hon. District Judge Franklin U. Valderrama<br><br>Hon. Magistrate Judge Jeffrey Cummings |

**JOINT STATUS REPORT REGARDING H-SERIES DISCOVERY**

Pursuant to Magistrate Judge Cummings' September 12, 2023 Order (Dkt. 323), Plaintiff Motorola Solutions, Inc. ("Motorola") and Defendant Hytera Communications Corp. Ltd. ("Hytera") (together, "Parties") submit this Joint Status Report Regarding H-Series Discovery. The Parties' positions on source code and other discovery issues are set forth below.

**Motorola's Position:**

On September 12, the Court stated: "Hytera is directed to make the H-Series source code available for Motorola's review in the United States for a six-week period beginning on 9/26/23. By 10/12/23, the parties shall file a joint status report confirming that Hytera has made the source code available for review and proposing an agreed deadline for the completion of the remaining H-Series discovery." Dkt. 323; Dkt. 324 at 17. On September 26, 2023, Hytera made available for inspection, at its outside counsel's office in the United States, 17 source code files for each of two different versions of the H-Series source code (for a total of 34 files). Motorola submits that Hytera's source code production is incomplete, and to the extent Hytera does not immediately

remediate its lack of compliance with the Court's September 12 Order, Motorola intends to file a motion for the Court to hold Hytera in contempt and for entry of severe sanctions to coerce Hytera's compliance. With respect to the remaining H-Series discovery, the Parties continue to meet and confer with respect to Hytera's production of technical and non-technical materials relating to the H-Series.

### A. Source Code

As Motorola will explain in its forthcoming motion to hold Hytera in contempt and for sanctions, Hytera's latest actions in response to the Court's September 12, 2023 Order regarding its H-Series source code production reflect its ongoing blatant disregard of its discovery obligations and wholesale disrespect for Court orders. As Hytera consistently makes clear, only severe contempt sanctions will be sufficient to coerce Hytera's compliance with Court's orders and allow this case to move forward without further burdening the U.S. court system with the same source code production that Hytera has been improperly resisting for nearly two years. Now, after having been ordered to produce its H-Series source code ***three times***, Hytera still refuses to comply. *See* Dkt. 324 (in the Court's September 12 order compelling Hytera to produce its H-Series source code, stating "this Court has now twice directed Hytera to produce the H-Series source code."). Specifically, in what can only be explained as an act of overt defiance—and a mockery of the substantial efforts invested in this issue by Your Honor, Judge Valderrama, and Motorola—Hytera produced only ***17 files*** for each of two versions of the H-Series source code, out of ***thousands*** of source code files that make up the H-Series code for each version. There is no question that is a knowing violation of the Court's orders: Hytera was to produce its H-Series source code—not 17 files out of thousands. *See* Dkt. 324 at 12 (Court's September 12 Order finding that specificity of Motorola's request for source code "limited to the H-Series products" to be "undeniable."). While Hytera may wish to take another run at avoiding its discovery obligations

and delaying these proceedings through a renewed attempt to narrow what it must produce, as Your Honor explicitly stated in the September 12 Order, Hytera's objections regarding source code were already overruled by Judge Valderrama:

> Although in its objections before the District Court Judge, Hytera argued that the source code should be 'narrowly tailored to the modules that are truly relevant to the accused features' functionality,' (Dckt. #276 at 16), it did not further elaborate on that position here and – more importantly – ***the District Court Judge has since overruled Hytera's objections, (Dckt. #309)***.

Dkt. 324 at 12 n.7 (emphasis added); *see also* Dkt. 309 at 3 n.2, 4. And even if production of a subset of Hytera's code is sufficient—*e.g.*, only some of the code involved in carrying out the accused functionality—Hytera has not come close to good faith compliance: As evidenced by Hytera's code for its earlier generations of products, the accused functionality in this case implicates substantial portions of Hytera's source code, including its source code's header and library files, which are necessary to understand the rest of the code. None of those files was produced, even after substantial meet-and-confer correspondence following Hytera's production. Hytera's has no good-faith justification for limiting its production and has provided no assurances that it will actually comply in good faith without further, lengthy, and expensive proceedings geared to exhausting the Court's resources and getting out of its court-ordered obligations.

As Hytera has repeatedly confirmed, only severe contempt sanctions will secure Hytera's compliance. Indeed, just weeks ago, Hytera was held in contempt in the co-pending trade secret misappropriation and copyright infringement litigation brought by Motorola pending before Judge Pacold in this Court. There, Judge Pacold issued a worldwide injunction on all of Hytera's sales as a coercive sanction against Hytera's violation of its obligation to pay a $49 million royalty to Motorola. Tellingly and strikingly similar to what is going on here, after over a year of recalcitrance and dozens of briefs, expert declarations, and other filings in which Hytera adamantly resisted and delayed its obligations by raising new argument after new argument, Hytera

immediately complied with its obligations upon issuance of Judge Pacold's contempt order. As Motorola will fully explain in its forthcoming motion, similar relief is required here, to enforce the Court's orders, ensure compliance, and allow this case to move forward without further delay. That is critical, as Hytera's products at issue in this case—including the H-Series products—are being sold throughout the United States, in violation of Motorola's patents and irreparably harming Motorola's business.

Hytera's assertions that Motorola "admitted" that only a subset of the code is relevant—tellingly citing to ***its own*** emails for support—are wrong. Its conclusory follow-on assertions that there are only "two" relevant functionalities in the code, implicating 17 code files, are preposterous, and flatly inconsistent with what it previously produced for earlier versions—*i.e.*, ***the entire code*** for its preceding "I-Series" and earlier generations of products. And, its offer to engage in another meet-and-confer as a remedy for its noncompliance is just a stall tactic, considering that Motorola *already* conferred with Hytera, and Hytera has refused to even produce the obviously necessary and relevant library and header files, let alone many other relevant files. It is also galling, considering that Motorola first sought H-series code nearly *two years ago.*

**B. Document Production**

Hytera contends that it completed its production of technical documents on May 3 and the remainder of its documents on May 17. Motorola disagrees that Hytera's productions are complete, specifically because Hytera's productions fail to include, *inter alia*, technical documents showing the operation of the accused features its efforts to design around the accused features; marketing and instructional materials for the H-Series broadly; documents indicating pricing and pricing decisions for the H-Series; documents regarding H-Series market share and market share forecasts; market studies and analyses relating to H-Series; identities and locations of Hytera's re-sellers, distributors, and/or importers; and U.S. customer purchase orders and customer

specifications for the H-Series. This information is highly relevant to numerous key issues in this case (and is also relevant to Hytera's recent assertion that it does not sell H-Series products in the United States). Motorola has raised these issues with Hytera, and Hytera has not yet remedied the deficiencies with its production. In addition, Motorola's counsel identified deficiencies in Hytera's production of financial documents. Hytera's counsel represented that "Hytera agrees to supplement and update its financial productions for its H-Series and i-Series products by October 24 to the extent it has new responsive information in the requested categories in its possession."

**<u>Hytera's Position:</u>**

**A. Source Code**

Beginning on September 26, 2023, Hytera made available for review its H-Series source code involved in the functionalities of the features accused of patent infringement—108,066 lines of code in total. This production was consistent with both this Court's January 5, 2023 Order, requiring "targeted" and "limited" H-Series discovery (Dkt. #275, p. 13) and Motorola's representations to this Court that "Hytera should provide . . . the full set of source code ***involved in carrying out the accused functionality***" (Dkt. #280, p.14 (emphasis added).) Since September 26, Motorola's multiple experts have spent eight days and over 60 hours reviewing this code.

Hytera disagrees with Motorola's description of the parties' meet-and-confer process related to Hytera's code production. On September 30, 2023, Motorola emailed Hytera claiming that Hytera's source code production is deficient and demanding that Hytera produce the "full set of H-Series source code." (Ex. A, 9-30-23 Boloori Email.) Hytera responded offering to meet and confer "to discuss and better understand what specific code Motorola believes is missing that is relevant to the accused functionalities." (*Id.*, 10-2-23 Alexander Email.) Counsel for the parties met and conferred on October 4, but Motorola's position was that Motorola would not even

consider any source code production less than the entire set of H-Series source code, despite admitting that the entire set of H-Series source code included ***code not relevant to any issues in this case***. (*See id.*, 10-6-23 Alexander Email.) In fact, most of the source code for the H-Series products is unrelated to the accused functionalities in this case. Of the myriad of functionalities in the H-Series radios, there are only two at issue in this case. To this day, Motorola has not disputed that. Motorola was unwilling to discuss what portions of the H-Series source code related to the accused features were purportedly missing, instead taking the position that Motorola should be able to review the entire source code database. On October 6, 2023, Hytera emailed Motorola explaining its position that Hytera's code production complied with its discovery obligations and the Court's Order. In this email, Hytera again offered to meet and confer with Motorola to address any specific issues related to alleged missing code involved with the functionality of the accused features. (*Id.*) Motorola has never responded to this invitation.

Motorola's request for the entire H-Series source code set conflicts with its representations to this Court and with this Court's January 5, 2023 Order. When Motorola moved to compel production of the H-Series source code, Motorola assured this Court that it "is proposing to ***take targeted, limited discovery into source code*** and technical documents[.]" (Dkt. #254, pp. 8–9 (emphasis added).) The Court relied on that assurance in granting Motorola's motion: "Motorola's stipulation that any additional discovery would be 'targeted' and 'limited,' (Dckt. #254 at 11), further assures this Court that Motorola ***will tailor its requests to seek only information that is clearly relevant and important to its infringement claims***." (Dkt. #275, p. 13 (emphasis added).) Motorola, again, reiterated its position in a subsequent brief, asserting that "Hytera should provide . . . the full set of source code ***involved in carrying out the accused functionality***." (Dkt. #280, p. 14 (emphasis added).) The Parties even submitted a Joint Status report on May 10, 2023, stating,

"Hytera will make the source code ***related to the accused features*** on the H-Series products available for review for six weeks[.]" (Dkt. #293.) This was the agreed upon scope, consistent with Motorola's representations to this Court. Hytera has produced all source code within this agreed upon scope. Contrary to Motorola's position otherwise, Judge Valderrama's July 18, 2023 Order does not require Hytera to produce the *entire* set of H-Series source code. In fact, Judge Valderrama expressly "decline[d] to interfere with discovery management which has been referred to Judge Cummings[.]" (Dkt. #309, fn. 2.)

Hytera produced the H-Series source code involved in the accused features' functionality and maintains that it is willing to meet and confer with Motorola to discuss whether there is additional relevant code missing. Motorola's experts have inspected the code for over 60 hours, but Motorola is unwilling to confer with Hytera in an effort to identify additional relevant code its experts have identified as missing. Motorola's continued reference to the Parties' trade secret case has no place or bearing on the sufficiency of Hytera's code production in this case.

**B. Document Production**

Prior to Hytera's H-Series document production in May, the Parties had met and conferred and exchanged emails regarding the proper scope of the required H-Series document productions. The Parties disagreed as to the scope of some of Motorola's requests. Hytera, however, has completed its H-Series document production, producing its first set of documents on May 3 and the remainder on May 17. On June 6, 2023, Motorola sent Hytera a letter identifying several alleged deficiencies with Hytera's production. In a June 29, 2023 response letter, Hytera addressed each alleged deficiency and has not heard any further complaints from Motorola about Hytera's H-Series document production since, apart from a request to update financial information, which Hytera has agreed to produce.

DATED: October 12, 2023

Respectfully submitted,

*/s/ Todd Tucker*

Todd R. Tucker (*pro hac vice*)
ttucker@calfee.com
John S. Cipolla (*pro hac vice*)
jcipolla@calfee.com
Mark W. McDougall (*pro hac vice*)
mmcdougall@calfee.com
Andrew W. Alexander (*pro hac vice*)
aalexander@calfee.com
John L. Reulbach III (*pro hac vice*)
jreulbach@calfee.com
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114
(216) 622-8200 (Telephone)
(216) 241-0816 (Facsimile)

Boyd Cloern
bcloern@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-300
Facsimile: (202) 429-3902

*Attorneys for Defendant*
Hytera Communications Corp. Ltd.

*/s/ Akshay Deoras*

Adam Alper (admitted *pro hac vice*)
adam.alper@kirkland.com
Akshay S. Deoras (admitted *pro hac vice*)
akshay.deoras@kirkland.com
Brandon H. Brown (IL Bar No. 266347 CA)
brandon.brown@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael De Vries (admitted *pro hac vice*)
michael.devries@kirkland.com
Christopher M. Lawless (admitted *pro hac vice)*
christopher.lawless@kirkland.com
Jiaxiao Zhang (admitted *pro hac vice)*
jiaxiao.zhang@kirkland.com
Ingrid Petersen (admitted *pro hac vice*)
ingrid.petersen@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Ali-Reza Boloori (admitted *pro hac vice*)
ali-reza.boloori@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

David Rokach (IL SBN: 6279703)
david.rokach@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Joshua L. Simmons (admitted *pro hac vice*)
joshua.simmons@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for Plaintiff*
Motorola Solutions, Inc.

**CERTIFICATE OF SERVICE**

I, Todd R. Tucker, an attorney, hereby certify that on October 12, 2023, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

DATED: October 12, 2023

/s/ *Todd Tucker*

Todd Tucker