**IN THE UNITED STATES DISTRICT COURT**
**FOR NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MOTOROLA SOLUTIONS, INC.<br><br>Plaintiff<br><br>v.<br><br>HYTERA COMMUNICATIONS CORPORATION LTD.<br><br>Defendant | ) | CASE NO.: 1:17-cv-01972<br><br>Honorable Franklin U. Valderrama<br>Magistrate Judge Jeffrey Cummings |

**DECLARATION OF TODD R. TUCKER**

1. I, Todd R. Tucker, submit this Declaration on behalf of Hytera Communications Corp. Ltd. ("Hytera") in support of JOINT STATUS REPORT REGARDING H-SERIES DISCOVERY.

2. I am a Partner at the law firm Calfee, Halter & Griswold LLP.

3. Attached as **Ex. A** to this Declaration is a true and correct copy of correspondence from counsel for Hytera to counsel for Motorola, dated and sent via email between September 30, 2023 to October 6, 2023.

I, Todd R. Tucker, declare under penalty of perjury that the foregoing Declaration is true and correct.

Dated: October 12, 2023

/s/ *Todd R. Tucker*

Todd R. Tucker
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114
(216) 622-8200 (Telephone)
(216) 241-0816 (Facsimile)

# EXHIBIT A

# Alexander, Andrew

**From:** Alexander, Andrew
**Sent:** Friday, October 6, 2023 2:52 PM
**To:** Boloori, Ali-Reza
**Cc:** Tucker, Todd; Friedman, Joshua; bcloern@steptoe.com; #Moto_Hytera; Cipolla, John
**Subject:** RE: Motorola v. Hytera, No. 17-cv-1972 (NDIL) -- Hytera's Deficient Source Code Production

Ali,

Thank you for conferring with us on Wednesday. As I explained on the call, we disagree with Motorola's interpretation that the Court ordered Hytera to produce the entire set of H-Series source code, including code both Parties understand is not relevant to any issue in this case. No order says that, and Motorola's interpretation contradicts its previous demands and representations to the court. The H-Series code contains thousands of files, the vast majority of which have nothing to do with the accused features in this case. You acknowledged on our call that the entire code repository is not relevant to this case. On September 26, Hytera made available all the code involved in carrying out the accused functionalities, which is what Motorola has consistently sought.

When Motorola moved to compel production of the H-Series source code, it assured the Court that it "is proposing to ***take targeted, limited discovery into source code*** and technical documents[.]" (Dkt. #254, pp. 8–9 (emphasis added).) The Court relied on that assurance in granting Motorola's motion: "Motorola's stipulation that any additional discovery would be 'targeted' and 'limited,' (Dckt. #254 at 11), further assures this Court that Motorola will ***tailor its requests to seek only information that is clearly relevant and important to its infringement claims***." (Dkt. #275, p. 13.) Then Motorola, *again*, represented to the Court that it only needed the source code related to the accused functionalities: "Hytera should provide . . . the full set of source code ***involved in carrying out the accused functionality***." (Dkt. #280, p. 14 (emphasis added).) In that same filing, Motorola explained that the source code review would not prejudice Hytera because "the H-Series contain only two of the accused functionalities." (*Id.* at 13.) Then in the Parties' May 10, 2023 Joint Status Report, the Parties jointly reported to the Court that "Hytera will make the source code ***related to the accused features*** on the H-Series products available for review[.]" (Dkt. 293 (emphasis added).) Even in your September 30 email you demand that Hytera "must produce the full set of H-Series source code ***involved in carrying out the accused functionality***." (Emphasis added.)

We disagree with your interpretation of footnote 7 in Judge Cummings's September 12 Order. The footnote, at most, interprets Judge Valderrama's Order as overruling Hytera's request that the source code review be "narrowly tailored to the modules that are ***truly relevant*** to the accused features' functionality." (Dkt. 276, p. 16 (emphasis added).) As you likely recall, Motorola took issue with the phrase "truly relevant" as "vaguely defined" and, in its opposition brief, alternatively requested that Hytera produce "the full set of source code involved in carrying out the accused functionality." (Dkt. #280, p. 14.) But even so, it is clear from Judge Valderrama's July 18 Order that he was *not* making any ruling on scope of source code discovery: "the Court declines to interfere with discovery management which has been referred to Judge Cummings[.]" (Dkt. #309, n. 2.) Put simply, it is inappropriate for Motorola to procure source code discovery by representing to the court that it would be "targeted" and "limited," then afterwards seek broad, unlimited discovery of, admittedly, irrelevant source code. Hytera has produced the H-Series source code involved in carrying out the accused functionality, which is consistent with the Judge Cummings' Order granting Motorola's initial motion. (*See* Dkt. #275, p. 13.)

Motorola's two experts have been at Calfee's offices for seven days now reviewing the code Hytera made available (likely at least 60 hours of review thus far). Motorola's experts have also spent countless hours reviewing Hytera's source code related to the i-Series products. If Motorola or its experts believe there are other portions of the H-Series source code involved in carrying out the accused functionalities that it believes Hytera did not make available, then

Hytera is willing to meet and confer and try to resolve those specific issues. Unfortunately, on our call you rejected that reasonable proposal and instead demanded that Hytera produce all the H-Series source code (relevant or not) so *Motorola* can decide what is relevant. We don't think this is reasonable or permitted under Rule 26. If Motorola insists on production of the entire set of H-Series source code, Hytera will move for an appropriate protective order.

Regards,

Andy

---

**From:** Boloori, Ali-Reza <ali-reza.boloori@kirkland.com>
**Sent:** Wednesday, October 4, 2023 11:50 AM
**To:** Alexander, Andrew <AAlexander@Calfee.com>
**Cc:** Tucker, Todd <TTucker@Calfee.com>; Friedman, Joshua <JFriedman@Calfee.com>; bcloern@steptoe.com; #Moto_Hytera <Moto_Hytera@kirkland.com>
**Subject:** RE: Motorola v. Hytera, No. 17-cv-1972 (NDIL) -- Hytera's Deficient Source Code Production

Thanks, Andy. That time works.

**Ali-Reza Boloori**

**KIRKLAND & ELLIS LLP**
2049 Century Park East, Suite 3700, Los Angeles, CA 90067
**T** +1 213 680 8127 **M** +1 310 994 4308
**F** +1 310 552 5900

ali-reza.boloori@kirkland.com

---

**From:** Alexander, Andrew <AAlexander@Calfee.com>
**Sent:** Wednesday, October 4, 2023 5:54 AM
**To:** Boloori, Ali-Reza <ali-reza.boloori@kirkland.com>
**Cc:** Tucker, Todd <TTucker@Calfee.com>; Friedman, Joshua <JFriedman@Calfee.com>; bcloern@steptoe.com; #Moto_Hytera <Moto_Hytera@kirkland.com>
**Subject:** RE: Motorola v. Hytera, No. 17-cv-1972 (NDIL) -- Hytera's Deficient Source Code Production

Ali,

We can meet at 3:30pm EST today. Here is a dial-in:

Andrew Alexander at Calfee is inviting you to a scheduled personal audio conference.

Topic: Andrew Alexander's Personal Audio Conference

Join via iPhone one-tap:
+16699006833,,2966450084# or +19292056099,,2966450084#

Or join by phone using any of these numbers:
+1 669 900 6833
+1 929 205 6099
When prompted, enter CONFERENCE ID: 296 645 0084

Or join via URL using your computer:
https://calfee.zoom.us/pac/join/2966450084

Regards,

Andy

**Andrew W. Alexander**
*Attorney at Law*
aalexander@calfee.com
216.622.8634 **Phone**

**From:** Boloori, Ali-Reza <ali-reza.boloori@kirkland.com>
**Sent:** Tuesday, October 3, 2023 9:20 PM
**To:** Alexander, Andrew <AAlexander@Calfee.com>
**Cc:** Tucker, Todd <TTucker@Calfee.com>; Friedman, Joshua <JFriedman@Calfee.com>; bcloern@steptoe.com; #Moto_Hytera <Moto_Hytera@kirkland.com>
**Subject:** Re: Motorola v. Hytera, No. 17-cv-1972 (NDIL) -- Hytera's Deficient Source Code Production

Andy,

Thanks for your response. We can be available to meet and confer tomorrow, but do not agree that the Court's order permitted Hytera to produce a sub-set of code that it deems relevant. Rather, the Court has ordered Hytera to produce the entire H-Series code base, and specifically noted that Hytera's objections to producing the entire code had been overruled. Complying with the Court's order is especially important so that Motorola's reviewers and experts can make their own, independent determination as to which files implement the accused functionalities and how they do so. Complying with the Court's order is also important so that Motorola's reviewers and experts can understand how the code files fit together in a unified whole.

Motorola reserves its right to file a contempt motion if Hytera does not agree to immediately produce the entirety of the H-series source code during our meet-and-confer. Please provide your availability tomorrow - we can meet outside of <u>12:00 – 1:00 PM Central</u>.

Sincerely,

Ali

**Ali-Reza Boloori**
-----------------------------------------------------
**KIRKLAND & ELLIS LLP**
2049 Century Park East, Suite 3700, Los Angeles, CA 90067
**T** +1 213 680 8127 **M** +1 310 994 4308
**F** +1 310 552 5900
-----------------------------------------------------
ali-reza.boloori@kirkland.com

On Oct 2, 2023, at 12:46 PM, Alexander, Andrew <AAlexander@calfee.com> wrote:

Ali,

Hytera's source code production is not deficient—it complies with the Parties' understanding that the scope of the source code review would be limited to the "H-Series source code involved in carrying out the accused functionality" (see your email below and Dkt. #293 ("Hytera will make the source code related to the accused features on the H-Series products available for review")) and Judge Cummings' Order requiring "targeted and limited" H-Series discovery (Dkt. #275 , p. 13). Hytera made available the H-Series code involved in carrying out the accused functionalities. And since September 26, Motorola's multiple experts have spent *four full days* reviewing that source code—indeed, likely at least *30 man-hours of review*. Motorola's expert is even coming back tomorrow on October 3 to *continue* reviewing the source code Hytera made available. Your claim that Hytera's production is "wholly deficient" is thus baseless. Moreover, this is the first time Motorola has requested the review of any specific code, for example TCP/IP functionalities and UMAC functionalities. We're reviewing that request and your claims that such code is relevant and will get back to you. This is also Motorola's first time requesting simultaneous review of the previous code Hytera made available. Hytera has produced physical copies of portions of the previous code that Motorola deemed relevant and requested, so Hytera has done nothing to "prevent" Motorola from doing a comparison. We're willing to meet and confer this Wednesday (October 4) to discuss and better understand what specific code Motorola believes is missing that is relevant to the accused functionalities.

Regards,

Andy

**Andrew W. Alexander**
*Attorney at Law*

aalexander@calfee.com
216.622.8634 **Office**
216.241.0816 **Fax**

**Calfee, Halter & Griswold LLP**
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607

CALFEE
**vCard**

Calfee.com | **Info@Calfee.com** | **888.CALFEE1**

This electronic mail transmission may contain confidential and legally privileged information from the law firm of Calfee, Halter & Griswold LLP intended only for the use of the individual(s) identified as addressee(s). If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this electronic mail transmission is strictly prohibited. If you have received this transmission in error, please notify me by telephone immediately.

**From:** Boloori, Ali-Reza <ali-reza.boloori@kirkland.com>
**Sent:** Saturday, September 30, 2023 9:32 AM
**To:** Tucker, Todd <TTucker@Calfee.com>; Alexander, Andrew <AAlexander@Calfee.com>; Friedman, Joshua <JFriedman@Calfee.com>; bcloern@steptoe.com
**Cc:** #Moto_Hytera <Moto_Hytera@kirkland.com>
**Subject:** Motorola v. Hytera, No. 17-cv-1972 (NDIL) -- Hytera's Deficient Source Code Production

Counsel,

Hytera has produced 17 source code files for the H-Series (two folders containing 17 near-duplicate files, for a total of only 34 source code files). This production is wholly deficient, and it is Motorola's position that it violates Judge Cummings' Order requiring Hytera to produce the H-Series source code by September 26. First, the production is deficient on its face because it clearly fails to provide the source code Hytera was ***ordered*** to produce. Hytera's objections to the scope of the source code production were overruled by Judge Valderrama (Dkt. 309 at 3 n.2, 4), as Judge Cummings noted in his Order:

> "Although in its objections before the District Court Judge, Hytera argued that the source code should be 'narrowly tailored to the modules that are truly relevant to the accused features' functionality,' (Dckt. #276 at 16), it did not further elaborate on that position here and – more importantly – ***the District Court Judge has since overruled Hytera's objections, (Dckt. #309)***."

Dkt. 324 at 12 n.7 (emphasis added); *see also* Dkt. 309 at 3 n.2, 4. Accordingly, Hytera was not and is not entitled to withhold H-Series source code, let alone limit it to the 17 files it produced here, and instead must produce the full set of H-Series source code involved in carrying out the accused functionality. *Id.*; *see also* Dkt. 280 at 14 (Motorola's responses to Hytera's now-overruled objections to the scope of the H-Series source code production).

Second, Hytera's failure to produce the H-Series source code it was ordered to produced is evident from the fact that significant categories of functionality are excluded from Hytera's production, including files related to TCP/IP functionalities (relevant at least to the '169 patent) and UMAC functionalities (relevant at least for pseudo trunk and XPT, which relate at least to the '284 patent), all of which are indisputably relevant to Motorola's infringement allegations.

Third, even among the handful of files Hytera did produce, Hytera has only produced source files and has not produced any header files or library files used by the H-Series code. For example, in the 17 files Hytera produced, there are multiple header and library files explicitly referenced that are missing from the production that are necessary to understand Hytera's code. Similarly, Hytera has failed to produce the folder structure for the code, which includes important information for the review.

Fourth, Hytera has not made available any of the source code for its earlier products, preventing Motorola from examining whether the accused functionality was changed or removed as compared to previous versions (as Hytera contends).

Please confirm Hytera will produce the full set of H-Series source code, along with the source code it previously made available for its legacy and i-Series products, by October 3. Otherwise, please provide your availability to meet and confer on October 3 or 4, so that we can raise this issue with Judge Cummings. Given Hytera's history of noncompliance (which, as the Court recognized, has involved two prior orders compelling Hytera to produce H-series source code that Hytera failed to comply with (Dkt. 324 at 10), making this the third), if Hytera does not immediately comply, Motorola will seek contempt sanctions.

Sincerely,

Ali

**Ali-Reza Boloori**

**KIRKLAND & ELLIS LLP**
2049 Century Park East, Suite 3700, Los Angeles, CA 90067
**T** +1 213 680 8127 **M** +1 310 994 4308
**F** +1 310 552 5900

ali-reza.boloori@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.