**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MOTOROLA SOLUTIONS, INC.,<br><br>Plaintiff<br><br>v.<br><br>HYTERA COMMUNICATIONS CORPORATION LTD.<br><br>Defendant | ) | Civil Action No. 1:17-cv-01972<br><br>Hon. District Judge Franklin U. Valderrama<br><br>Hon. Magistrate Judge Jeannice W. Appenteng |

**JOINT STATUS REPORT REGARDING H-SERIES DISCOVERY**

Pursuant to Magistrate Judge Cummings' October 13, 2023 Order (Dkt. 340), Plaintiff Motorola Solutions, Inc. ("Motorola") and Defendant Hytera Communications Corp. Ltd. ("Hytera") (together, "Parties") submit this Joint Status Report to update the Court about the status of discovery regarding Hytera's newest radios and equipment (the "H-Series"), which were added to the case in January 2023 by way of Motorola's amended infringement contentions. Magistrate Cummings also ordered that the parties also include a proposed deadline for completion of the H-Series discovery with this Joint Status Report. The Parties' positions are set forth below.

## I. MOTOROLA'S STATEMENT

### A. Case Background

This is a patent infringement case in which Motorola accuses Hytera of infringing seven United States patents through making, importing, offering to sell, selling, and using two-way radios in the United States. This case was filed over six years ago, and while nearly all of fact discovery has been completed for some time, one aspect of fact discovery remains open: Hytera's

production of source code and documents relating to its "H-series" product line, which it launched while this litigation was pending, approximately two years ago. This issue is significant—it has stopped the case from moving past fact discovery for the last two years while Hytera continues to sell competing, infringing products, severely prejudicing Motorola. And Hytera has no excuse for its delay in producing these materials, as it has been ordered multiple times to produce them, and yet still refuses to comply with its court-ordered obligations. The parties' ongoing dispute concerning Hytera's failure to provide fulsome discovery concerning its H-Series products is outlined through a series of Joint Status Reports submitted the Court. *See* Dkts. 278, 293, 300, 339. Motorola provides a brief summary here, but at a high level, Hytera continues to flaunt the requirements of the Court's order requiring it to produce the source code for its H-Series products, such that it appears that additional intervention by the Court will be required.

In October 2021, Hytera launched its newest line of Digital Mobile Radio ("DMR") radios, called the "H-Series." Although Motorola promptly sought discovery about these products, Hytera refused to provide any discovery whatsoever on the products. After extensive meet-and-confer efforts, Motorola had to resort to motion to practice to add the H-Series to the case and obtain discovery about those products. *See* Dkt. 254 (Motorola's Motion Seeking Leave to Amend Final Infringement Contentions and Compelling Discovery of Technical Information About Hytera's H-Series DMR Products). On January 5, 2023, Magistrate Cummings granted Motorola's motion (Dkt 275) and ordered Hytera to produce technical information (including computer source code) for the H-Series products (*id.* at 13). Almost a year later, Hytera's production remains grossly deficient.

The current dispute concerns Hytera's compliance with the Court's orders requiring it to produce the computer source code controlling the operation of the H-Series, as well as other

documents (technical and non-technical) for the H-Series. Following Judge Cummings' January 5, 2023 order requiring Hytera to produce H-Series source code and technical documents, Hytera mounted a series of procedural devices to delay or avoid compliance. ***First,*** it filed objections to Judge Cummings' January 5 order with District Judge Valderrama and refused to comply with the order itself, claiming it need not do so unless Judge Valderrama first overrules its objections. *See* Dkt. 278. Magistrate Cummings rejected this position on March 21, 2023 (Dkt. 289), and again ordered Hytera to produce H-Series documents and source code by specific dates (Dkt. 291 ("Hytera shall complete its production of technical documents by 5/3/23, and shall complete the remainder of its document production by 5/17/23," and "shall make its source code available by 6/7/23 for six weeks (through 7/19/23).")). Hytera made a limited production of certain documents concerning the H-Series on May 3, 2023, but did not make the source code available at that time.[1] Dkt. 293. Judge Valderrama ultimately overruled Hytera's objections to Magistrate Cummings' January 5 order. Dkt. 309.

***Second,*** Hytera refused to make its source code available for inspection as ordered by Magistrate Cummings. Leading up to the June 7, 2023 deadline for Hytera to produce source code, Hytera gave no indication that it intended not to make its source code available; to the contrary, it represented to the Court in a joint status report filed on May 10, 2023 that "beginning on June 7, 2023, [Hytera] will make the source code related to the accused features on the H-Series products available for review …." Dkt. 293 at 1–2. On the day it was to make the source code available for inspection, however, Hytera reversed course and informed Motorola for the first time that it would not comply with the Court's deadline for producing source code due to an alleged "cybersecurity/data security review by Chinese government authorities." *See* Dkt. 298 at 6; Dkt.

---

[1] As explained below, Parties remain at impasse over the completeness of Hytera's production.

298-1 at 6. After full briefing, on September 12, 2023, Magistrate Cummings overruled Hytera's objections based on Chinese laws and once again ordered Hytera to make the H-Series source code available for inspection, that time by no later than September 26, 2023. Dkt. 323 ("Hytera is directed to make the H-Series source code available for Motorola's review in the United States for a six-week period beginning on 9/26/23. By 10/12/23, the parties shall file a joint status report confirming that Hytera has made the source code available for review and proposing an agreed deadline for the completion of the remaining H-Series discovery."); Dkt. 324 at 17.

On September 26, Hytera made available for inspection only a minuscule portion of the H-Series source code, consisting of 17 computer files from a code base that Motorola expects (based on inspections of older versions) includes ***thousands*** of files that Hytera has not produced and refuses to produce. The production was grossly deficient, depriving Motorola of any reasonable ability to assess the accused functionality, and failed to comply with the Court's directive to produce the H-Series source code.

**B. H-Series Discovery**

The Parties are at impasse with respect to Hytera's refusal to comply with the Court's orders requiring it to produce (1) the relevant source code for the H-Series products; and (2) technical and non-technical documents for the H-Series.

1. <u>H-Series Source Code</u>

Hytera's response to Judge Cummings' September 12, 2023 Order is consistent with its longstanding disregard of its discovery obligations and the Court's orders concerning those obligations.[2] After having been ordered to produce its H-Series source code ***three times***, Hytera

[2] Hytera's disregard for the Court's orders is not limited to this action. In connection with a co-pending trade secret case between Motorola and Hytera over which Judge Pacold is presiding, Hytera was recently held in contempt for violating an order of the Court in that case. *Motorola*

still refuses to comply. *See* Dkt. 324 (in the Court's September 12 order compelling Hytera to produce its H-Series source code, stating "this Court has now twice directed Hytera to produce the H-Series source code."). Instead of producing the full H-Series code base, in compliance with Judge Cummings' order, Hytera instead produced only 17 files for each of two versions of the H-Series source code, out of thousands of source code files that Motorola believes make up the H-Series code for each version. There is no question this is a knowing violation of the Court's orders: Hytera was to produce its H-Series source code—not 17 files out of thousands. *See* Dkt. 324 at 12 (Court's September 12 Order finding that specificity of Motorola's request for source code "limited to the H-Series products" to be "undeniable.").

Hytera attempts to justify its ongoing failure to produce the source code by arguing that the code it is withholding is not relevant to the H-Series functionalities accused of infringement in this case. That position is fundamentally incorrect and does not warrant its ongoing failure to produce the entirety of the code. ***First,*** this objection has been overruled. Hytera first sought to limit how much source code it had to produce in its objections to Judge Cummings' January 5 Order. But as Judge Cummings made clear in the September 12 order, those objections were overruled by Judge Valderrama:

> Although in its objections before the District Court Judge, Hytera argued that the source code should be 'narrowly tailored to the modules that are truly relevant to the accused features' functionality,' (Dckt. #276 at 16), it did not further elaborate on that position here and – more importantly – ***the District Court Judge has since overruled Hytera's objections, (Dckt. #309).***

Dkt. 324 at 12 n.7 (emphasis added); *see also* Dkt. 309 at 3–4 n.2.

---

*Solutions, Inc. v. Hytera Communications Corp. Ltd.*, Case No. 1:17-cv-1973, Dkt. 1461 (N.D. Ill. Aug. 26, 2023) (Pacold, J.).

***Second,*** Hytera cannot designate itself as the arbiter of relevance. Motorola's expert and outside counsel should be able to make their own independent determination as to what files are relevant for Motorola's case. ***Third,*** Hytera has been unable to articulate any prejudice associated with producing the complete H-Series code. Indeed, Hytera produced the entirety of its source code for its past products in the Parties' prior litigation in the International Trade Commission, where the same patent claims at issue in this litigation were at issue, demonstrating Hytera's acknowledgment that production of the entire H-Series source code is both warranted and necessary.

Even if production of a subset of Hytera's code is sufficient—*e.g.*, only some of the code involved in carrying out the accused functionality—Hytera has not come close to good faith compliance: as evidenced by Hytera's code for its earlier generations of products, the accused functionality in this case implicates at least substantial portions of Hytera's source code, including its source code's header and library files, which are necessary to understand the rest of the code. None of those files was produced, even after substantial meet-and-confer correspondence following Hytera's production, and Hytera's latest correspondence (sent today) appears to refuse to produce those clearly relevant files and many others identified by Motorola that are necessary for Motorola and its experts to understand the innerworkings of the accused technologies. Hytera's has no good-faith justification for limiting its production through self-selection of a tiny number of the relevant files, rather than producing the entire source code as required, and has provided no reasonable assurances that it will actually comply in good faith without further lengthy and expensive proceedings.

Despite Hytera's clear violation of Judge Cummings' order to produce the full H-Series source code, Motorola has continued to attempt to resolve the matter through further meeting and

conferring with Hytera, to no avail. Specifically, since the Court's last order on this issue, Motorola has endeavored to discuss with Hytera whether it (Hytera) will be willing to voluntarily produce additional code necessary to understand the accused H-Series technologies that is missing from its current production. *See* Dkt. 340 (directing the Parties "to continue to meet and confer … to resolve their disputes relates to Hytera's recent production of certain source code and Hytera's document production."). Specifically, Motorola has identified a limited set of source code directories, libraries, and header files based on its understanding of prior versions of Hytera's source code. *See* Ex. 1. Just this morning, Hytera's counsel stated that Hytera would provide an extremely (and inexplicably) limited subset of the additional code identified by Motorola in its October 31 letter, but did not agree to produce the vast majority of the other missing code identified by Motorola. Ex. 2. Although Motorola welcomes Hytera's willingness to voluntarily supplement its source code production in the limited manner agreed to, Hytera's offer is not close to sufficient, as it is still refusing to make available for inspection the rest of the modules, libraries, and header files identified in Motorola's October 31 letter that Motorola believes are highly relevant and necessary to assess the accused technologies in this case.

Assuming that Hytera does not promptly comply with the Court's order directing it to produce the source code and fully rectify the missing source code specifically identified by Motorola by November 20, 2023, Motorola will be left with no choice but to file a motion to hold Hytera in contempt of Court for violating Judge Cummings' September 12 order.

2. H-Series Documents

Hytera maintains that it completed its production of technical documents on May 3, 2023, and completed production of the remainder of its documents concerning the H-Series products on May 17, 2023. Motorola fundamentally disagrees that Hytera's productions are complete, specifically because Hytera's productions fail to include, *inter alia*, technical documents showing

the operation of the accused features; its efforts to allegedly design around the accused features; internal marketing planning documents; market share documents and market analyses; financial projections (other than publicly available annual reports); pricing decisions and analyses (other than the final price given in a sale shown in transactional financial data); and identities and locations of Hytera's re-sellers, distributors, and/or importers. These documents are highly relevant to numerous key issues in this case (and are also relevant to Hytera's recent assertion that it does not sell H-Series products in the United States) and should have been produced in response to the Court's January 2023 order. In particular, these categories of financial documents missing from Hytera's production are directly relevant to ascertaining the damages Motorola is owed for Hytera's infringement, including in the form of competition from Hytera and erosion of Motorola's market share by Hytera's infringing H-Series products. They are also relevant to showing Hytera's marketing practices and planning to undercut Motorola on price with its infringing H-Series products. Motorola recently received a supplemental production of certain financial data (on October 24, 2023), and is reviewing it for completeness, but notes that only a single customer—Shenzhen Qiding Industries Co., Ltd.—is identified in its transactional data spreadsheet (HYTERA-H_016665), and that there is no date information for each transaction, suggesting the supplement is deficient and incomplete.

Motorola has raised these issues with Hytera, and Hytera has not yet remedied the deficiencies with its production. If these issues cannot be resolved through further meeting and conferring, Motorola expects to file a motion to compel Hytera to complete its document production concerning the H-Series.

**C. Proposed Schedule**

Judge Cummings further ordered the Parties to include a proposed deadline for completion of the H-Series discovery. Dkt. 340. Due to the ongoing dispute over Hytera's refusal to produce

certain source code and documents and the possibility of additional motion practice, Motorola respectfully suggests that the Court set a deadline for H-Series discovery to be completed within 60 days after the date that the Parties resolve (or the Court disposes of) the Parties' dispute over H-Series source code and documents. This would provide sufficient time for Motorola to complete its source code review, review any additional documents, and to take the depositions of Hytera's witnesses.

## II. HYTERA'S STATEMENT

Motorola represented to this Court that it sought "targeted, limited" discovery related to the H-Series code. (Dkt. # 254, pp. 8–9.) Hytera's effort to provide this discovery has been met by repeated contempt threats over the last month or so. In September, Hytera provided 108,066 lines of code that Motorola's three experts reviewed for ***eight days and over 60 hours***. In response to Motorola's complaints in the last status report, this Court requested that the parties further meet and confer. To hopefully satisfy that directive, Hytera is about to provide H-Series UMAC and TCP/IP files constituting another 80+ files of code. This is code recently requested by Motorola, and this production is likely to be around another 250,000 lines of code (Hytera does not believe this code to be relevant, but is providing it to address Motorola's concerns.) Thus, the parties are not at an "impasse" warranting "contempt."

Hytera has complied with the Court's orders including the most recent order to continue to "meet and confer." First, this Court did not order Hytera to produce the entire H-Series code base, as Motorola claims. Second, Motorola does not dispute that such sweeping production would include an enormous amount of information unrelated to this case. Motorola's demand contradicts the Parties' clear and express understanding documented in their May 10, 2023 Joint Status Report that Hytera would "make the source code ***related to the accused features*** on the H-Series products available for review." (Dkt. # 293 (emphasis added).) Motorola misconstrues language in a

footnote in Judge Valderrama's July 18 Order, where Judge Valderrama expressly ***declined*** to address the scope of H-Series discovery. (*See* Dkt. # 309, fn. 2.) With this language before the Court on October 13, 2023 via a status report, Judge Cummings declined to order Hytera to produce the entire code and instead instructed the Parties to continue to try and resolve their dispute about the proper scope of the code production. (Dkt. # 340.) Since then, Hytera has agreed in a good faith to resolve this dispute by producing additional code files that Motorola alleges relate to the accused functionalities.

Also, Motorola's claims that Hytera's H-Series-related document production is deficient are another attempt to seek broad discovery beyond the "targeted" and "limited" discovery that Motorola represented it needed and that the Court permitted. Additionally, Hytera addressed any purported deficiencies Motorola has raised, including (1) responding to Motorola's complaints in a ***June letter, which went unanswered***, and (2) producing updated financials in October. For the first time in this Report, Motorola raises minor issues with Hytera's updated financial production. If Hytera had known about these issues before today, it could and can address via a call between counsel. Despite Motorola's sweeping invective and attempts to gin up a contempt motion, the parties are indeed moving forward with production that hopefully alleviates Motorola's "concerns."

### A. The Court permitted "targeted" and "limited" discovery into Hytera's H-Series products.

In March of 2022, Motorola asked this Court to permit additional discovery into Hytera's H-Series radio products. Motorola assured the Court that it was only "proposing to take targeted, limited discovery into source code and technical documents showing the operation of the H-Series." (Dkt. # 254, pp. 8–9.) In granting Motorola's request, the Court expressly relied on Motorola's assurance: "Motorola's stipulation that any additional discovery would be 'targeted'

and 'limited,' (Dckt. #254 at 11), further assures this Court that Motorola will tailor its requests to seek only information that is clearly relevant and important to its infringement claims." (Dkt. # 275, p. 13.) The Court instructed the Parties to "meet and confer to determine what additional discovery is necessary[.]" (*Id.*) In further briefing, Motorola represented to the Court that it was only seeking source code related to the H-Series functionalities accused of infringement in this case: "Hytera should provide . . . the full set of source code ***involved in carrying out the accused functionality***." (Dkt. # 280, p. 14 (emphasis added).) This is not the entire H-Series source code, which includes layers of software and features unrelated to the seven patents at issue in this case. Moreover, this limitation was memorialized in the Parties' May 10, 2023 Joint Status Report: "Hytera will make the source code ***related to the accused features*** on the H-Series products available for review[.]"(Dkt. # 293 (emphasis added).)

Since then, Motorola has abandoned its prior representations and seeks discovery into the *entire* source code repository for the H-Series products whether related to the patented features at issue here or not. As the sole basis for this demand, Motorola mischaracterizes a footnote from Judge Cummings' September 12 Order (Dkt. # 324, fn. 7) as Ordering the full set of source code to be produced. (*See* Dkt. # 339, p. 3.) In that footnote, Judge Cummings referenced Judge Valderrama's opinion overruling Hytera's objections to allowing Motorola to amend its infringement contentions, but explicitly "declin[ing] to interfere with discovery management which has been referred to Judge Cummings[.]" (*See* Dkt. # 309, n. 2.) Judge Cummings Ordered "targeted" and "limited" H-Series discovery (Dkt. # 275, p. 13) and Parties informed the Court that the source code production would be limited to "code related to the accused features" (Dkt. # 293). Motorola's demand for the entire code base is an improper overreach. Hytera has met its H-Series discovery obligations.

### B. Hytera has completed its H-Series document production and made the H-Series source code related to the accused functionality available for review.

Hytera has fully complied with its H-Series discovery obligations. Hytera completed its H-Series document production on May 17, 2023, after several meet and confers regarding the proper scope of H-Series document discovery. On June 6, 2023, Motorola sent Hytera a letter alleging deficiencies with Hytera's production. Hytera addressed each alleged deficiency in a June 29 response letter. Motorola has not responded to that letter, and Hytera considers those issues resolved. On October 24, 2023, Hytera supplemented its production of updated financial data. The only remaining live dispute regarding H-Series discovery relates to the source code.

Beginning on September 26, 2023, Hytera made its H-Series source code available for review. Hytera produced 108,066 lines of code, which comprised the source code involved in carrying out the accused functionalities in the H-Series products. Over the following eight days, Motorola sent three different individuals to review Hytera's code (Seth Nielson and his assistant, and Mitchell Christ) who spent over 60 hours reviewing this code.

In stark departure from its assurance of "targeted, limited discovery," Motorola has since requested that Hytera provide the *full set* of H-Series source code, despite most of it being unrelated to any issue in this case. Hytera has disputed this request as being overbroad and outside the scope of discovery this Court allowed. Instead of attempting to show why the entire set of source code is relevant to this case, Motorola has resorted to brute force, repeatedly threatening Hytera with contempt motions if Hytera does not comply. (*See* Dkt. # 339, p. 2–4.) Hytera has consistently offered to meet and confer with Motorola to the extent it believes there is additional source code related to the accused functionalities. (*See* Dkt. # 339, p. 7.) On October 13, Magistrate Cummings Ordered the Parties to "continue to meet and confer in an effort to resolve their disputes related to Hytera's recent production of source code[.]" (Dkt. # 340.) Hytera has complied with this Order.

Hytera has investigated Motorola's claims about particular code files it believes are missing from Hytera's production. The header and library files that Motorola demands are not needed to evaluate the accused functionalities in this case and Motorola has provided no specific reason why it needs any particular header or library file—only a generic assertion that they are "necessary to understand the rest of the code." And although Hytera disagrees that its initial production was incomplete, Hytera has agreed to produce additional source code files that Motorola has requested. (Ex. 2, 11-9-2023 Letter.) Hytera is collecting these files and will make them available for review as soon as possible. This supplemental production should resolve this dispute, and the Parties should promptly move to the next phases of this litigation including setting dates for depositions related to the H-Series in December.

DATED: November 9, 2023

Respectfully submitted,

*/s/ Todd Tucker*

Todd R. Tucker (*pro hac vice*)
ttucker@calfee.com
John S. Cipolla (*pro hac vice*)
jcipolla@calfee.com
Mark W. McDougall (*pro hac vice*)
mmcdougall@calfee.com
Andrew W. Alexander (*pro hac vice*)
aalexander@calfee.com
John L. Reulbach III (*pro hac vice*)
jreulbach@calfee.com
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114
(216) 622-8200 (Telephone)
(216) 241-0816 (Facsimile)

Boyd Cloern
bcloern@steptoe.com
STEPTOE & JOHNSON LLP

*/s/ Akshay Deoras*

Adam Alper (admitted *pro hac vice*)
adam.alper@kirkland.com
Akshay S. Deoras (admitted *pro hac vice*)
akshay.deoras@kirkland.com
Brandon H. Brown (IL Bar No. 266347 CA)
brandon.brown@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael De Vries (admitted *pro hac vice*)
michael.devries@kirkland.com
Christopher M. Lawless (admitted *pro hac vice)*
christopher.lawless@kirkland.com
Jiaxiao Zhang (admitted *pro hac vice)*
jiaxiao.zhang@kirkland.com
Ingrid Petersen (admitted *pro hac vice*)

1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-300
Facsimile: (202) 429-3902

*Attorneys for Defendant*
Hytera Communications Corp. Ltd.

ingrid.petersen@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Ali-Reza Boloori (admitted *pro hac vice*)
ali-reza.boloori@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

David Rokach (IL SBN: 6279703)
david.rokach@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Joshua L. Simmons (admitted *pro hac vice*)
joshua.simmons@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for Plaintiff*
Motorola Solutions, Inc.

**CERTIFICATE OF SERVICE**

I, Todd R. Tucker, an attorney, hereby certify that on November 9, 2023, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

DATED: November 9, 2023

*/s/ Todd Tucker*
Todd R. Tucker