**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MOTOROLA SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No.: 1:17-cv-01972 |
| v. | ) | |
| | ) | Hon. District Judge Franklin U. Valderrama |
| HYTERA COMMUNICATIONS | ) | |
| CORPORATION LTD., | ) | Hon. Magistrate Judge Jeannice W. |
| | ) | Appenteng |
| Defendant. | ) | |
| | ) | **PUBLIC – REDACTED** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**MOTOROLA SOLUTIONS, INC.'S RESPONSE TO HYTERA COMMUNICATIONS CORPORATION LTD.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT WITH REGARDS TO THE H-SERIES DEVICES (DKT. 446)**

# TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

A. After a Jury Awarded Motorola a $765M Verdict in Its Trade Secret and Copyright Misappropriation Case, Hytera's U.S. Subsidiaries Filed for Bankruptcy and Hytera Formed Hytera US to Continue Its U.S. Business ..... 2

B. Hytera Launched Its H-Series Radios During This Litigation ..... 3

III. SUMMARY JUDGMENT LEGAL STANDARD ..... 4

IV. ARGUMENT ..... 4

A. Hytera's Motion as to the '111, '972, and '991 Patents Is Moot ..... 4

B. Hytera's Motion for Summary Judgment of No Direct or Contributory Infringement with Respect to the H-Series Should Be Denied ..... 5

1. [redacted] ..... 5

2. Hytera Is Vicariously Liable for Hytera US's Direct Infringement ..... 6

C. Hytera's Motion for Summary Judgment of No Induced Infringement for the H-Series Should Be Denied. ..... 10

1. Motorola Adequately Disclosed the Theory that Hytera Induces the Infringement of the H-Series. ..... 10

2. Hytera Induced Infringement By Its Actions Outside of the United States. ..... 12

V. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....................4

*Autronic Plastics, Inc. v. Apogee Lighting, Inc.*,
No. 19-CV-6268 (MKB), 2021 WL 5965715 (E.D.N.Y. Dec. 16, 2021)....................7

*Avnet, Inc. v. Motio, Inc.*,
No. 12 C 2100, 2013 WL 12618965 (N.D. Ill. Nov. 27, 2013)....................12

*Barr v. United States*,
628 F. Supp. 2d 800 (N.D. Ill. 2009)....................5

*Barry v. Medtronic, Inc.*,
914 F.3d 1310 (Fed. Cir. 2019)....................12

*Black & Decker Corp. v. Positec USA Inc.*,
No. 11-CV-5426, 2015 WL 1543262 (N.D. Ill. Mar. 31, 2015)....................12

*Bogenberger v. Pi Kappa Alpha Corp.*,
104 N.E.3d 1110 (Ill. 2018)....................6

*Brit. Telecommc'ns PLC v. IAC/InteractiveCorp*,
356 F. Supp. 3d 405 (D. Del. 2019) (applying Delaware agency law)....................6

*In re Clearview AI, Inc., Consumer Priv. Litig.*,
585 F. Supp. 3d 1111 (N.D. Ill. 2022), *clarified on denial of reconsideration*,
No. 21-CV-0135, 2022 WL 2915627 (N.D. Ill. July 25, 2022)....................6

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
909 F.3d 398 (Fed. Cir. 2018)....................12, 13

*Fujitsu Ltd. v. Tellabs Operations, Inc.*,
No. 08 C 3379, 2012 WL 5444979 (N.D. Ill. Mar. 21, 2012)....................11

*In re: Hytera Commc'ns Am. (W.), Inc. et al.*,
Case No. 8:20-bk-11507-ES, Dkt. 204....................2, 3

*King v. Preferred Tech. Grp.*,
166 F.3d 887 (7th Cir. 1999)....................4

*Merial Ltd. v. Cipla Ltd.*,
681 F.3d 1283 (Fed. Cir. 2012)....................13

*On Command Video Corp. v. Roti*,
705 F.3d 267 (7th Cir. 2013) ....................................................................................6

*Shebley v. United Cont'l Holdings, Inc.*,
No. 17-CV-01906, 2023 WL 6388248 (N.D. Ill. Sept. 30, 2023) ............................................6

*Sloan Valve Co. v. Zurn Indus., Inc.*,
No. 10 C 204, 2013 WL 622951 (N.D. Ill. Feb. 20, 2013), *aff'd* (July 7, 2014).....................11

*StrikeForce Techs., Inc. v. PhoneFactor, Inc.*,
No. CV 13-490-RGA-MPT, 2013 WL 6002850 (D. Del. Nov. 13, 2013), *as amended* (Nov. 14, 2013).....................................................................................................6

*T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*,
No. CV 16-581-RGA-MPT, 2017 WL 896988 (D. Del. Mar. 7, 2017) ...................................7

*Taylor v. Toone*,
No. 19-CV-936-JPG, 2021 WL 2139040 (S.D. Ill. May 26, 2021)..........................................6

**Statutes**

35 U.S.C. § 271(a) ..........................................................................................................6

35 U.S.C. § 271(b) ..........................................................................................................12

**Rules**

Fed. R. Civ. P. 26(e) ........................................................................................................3

Fed. R. Civ. P. 56 .....................................................................................................3, 4, 6

# I. INTRODUCTION

Hytera's motion for summary judgment is yet another attempt to hide behind its subsidiaries to escape liability for its misappropriation of Motorola's intellectual property. But as explained below, Hytera's corporate structure does not save it from its liability for infringement of Motorola's patents. All three grounds for Hytera's motion for summary judgment fail.

***First***, Motorola does not allege infringement of the '111, '972, and '991 Patents in connection with the H-Series, so Hytera's motion is moot as to that issue. ***Second***, Hytera cannot escape liability for direct or contributory infringement in connection with the H-Series by "selling" the products to an intermediary in China ([redacted]. Initially, Hytera's own sales documents show that [redacted]. Moreover, Hytera is liable for direct infringement of its U.S. subsidiary Hytera US, because the latter's H-Series sales (and indeed, its operations) are directed and authorized by Hytera. [redacted] ***Third***, Motorola's induced infringement theory against Hytera is well-supported by substantial evidence. Motorola's infringement contentions clearly raise the induced infringement theory for the H-Series, and no rule requires a party to include all of its evidence in infringement contentions to support a theory that has been raised. Indeed, Motorola could not have included in its contentions evidence that came only after Motorola amended its contentions. Because Motorola has clearly raised sufficient evidence to create at least a genuine dispute of material fact over Hytera's H-Series infringement, Hytera's motion should be denied.

## II. FACTUAL BACKGROUND

### A. After a Jury Awarded Motorola a $765M Verdict in Its Trade Secret and Copyright Misappropriation Case, Hytera's U.S. Subsidiaries Filed for Bankruptcy and [redacted]

Eight years ago, Motorola filed this case against Hytera Communications Corp. Ltd. ("Hytera"), a Chinese distributor turned competitor, and its then-existing U.S. subsidiaries, Hytera Communications America (West), Inc. and Hytera America Inc. ("Hytera America Subsidiaries") for infringing seven pioneering Motorola patents directed to communication and audio technologies used in two-way radios using the Digital Mobile Radio ("DMR") standard. Dkt. 78 (Amended Complaint).

Motorola also sued Hytera in this District for misappropriation of trade secrets and infringement of its source code copyrights related to Motorola's DMR technologies (No. 1:17-cv-01973 or "Trade Secret Case"). In February 2020, the jury rendered a $765M[1] verdict against Hytera and its U.S. subsidiaries for theft of Motorola's DMR trade secrets and infringement of Motorola's copyrights in source code. Ex.[2] 66 (Trade Secret Case, Dkt. 898).

Following the jury's verdict, [redacted]. *See* Ex. 67 (Trade Secret Case, Dkt. 974 at 1); Ex. 11 (*In re: Hytera Commc'ns Am. (W.), Inc. et al.*, Case No. 8:20-bk-11507-ES, Dkt. 204) at Ex. E (Delaware Division of Corporations Entity Details for Hytera US Inc.); *id.* at Ex. K at 6 (Hytera counsel explaining that "[o]ur client" is "interested particularly" in property and assets "necessary for Hytera [US] to proceed with further business"); *id.* at Ex. S at 6 ("Hytera America was forced

[1] The total award was ultimately reduced to $486.4M, and all that remains is for Hytera to pay it.

[2] Unless specified, "Ex." refers to exhibit to Nonmovant's Local Rule 56.1(b)(3) Statement of Additional Material Facts ("SOF").

to file chapter 11 as a result of the verdict against it . . . . Hytera America intends to use the restructuring process to preserve its business operations in the US."). Hytera coordinated its U.S. subsidiaries' bankruptcy by forming a new Delaware subsidiary, Hytera US Inc. ("Hytera US") to place the initial—and only competitive—bid on its own bankrupt subsidiaries' assets. Ex. 11 (*In re: Hytera Commc'ns Am. (W.), Inc. et al.*, Case No. 8:20-bk-11507-ES, Dkt. 204) at Ex. E (Delaware Division of Corporations Entity Details for Hytera US Inc.); Ex. 12 (*In re: Hytera Commc'ns Am. (W.), Inc. et al.,* Case No. 8:20-bk-11507-ES, Dkt. 168) at 15. [redacted]. Ex. 68 (In re: Hytera Commc'ns Am. (W.), Inc. et al., Case No. 8:20-bk-11507-ES, Dkt. 118 (Motion for Sale)) at 1, 4 (ii), (iii), 5 (iv, v); Ex. 11 (*In re: Hytera Commc'ns Am. (W.), Inc. et al.*, Case No. 8:20-bk-11507-ES, Dkt. 204) at Ex. E (Delaware Division of Corporations Entity Details for Hytera US Inc.). [redacted]. Ex. 69 (Trade Secret Case, Dkt. 1169, Ex. 2, Groman Tr. (08/13/2020) at 124:13–125:23). The bankruptcy proceeding closed with Hytera US being the successor-in-interest of the former Hytera subsidiaries, as Hytera had planned.

### B. Hytera Launched Its H-Series Radios During This Litigation

On October 29, 2021, Hytera announced the launch of the H-Series DMR line. *See* Dkt. 445 ("HSOF")[3] ¶ 11. Motorola promptly sought discovery regarding the H-Series radios pursuant to Hytera's ongoing obligations under Fed. R. Civ. P. 26(e). *See* Dkt. 246 (Joint Status Report Regarding Discovery) at 3–4. Motorola also stated that it intended to seek leave to add the H-

[3] Defendant Hytera Communications Corporation Ltd.'s Local Rule 56.1 Statement of Material Facts for Its Motions for Partial Summary Judgment of Non-Infringement (Dkt. 445).

Series to its infringement contentions in light of Hytera's representations about the H-Series. *Id.* at 3–4. Due to Hytera's refusal to provide H-Series discovery, Motorola had to resort to motion practice, and in January 2023, Magistrate Judge Cummings permitted Motorola to amend its infringement contentions to add H-Series and ordered Hytera to provide discovery about the H-Series. Dkt. 275. Following additional motion practice due to Hytera's efforts to stifle discovery into the H-Series source code, which ultimately led to Hytera being sanctioned for its discovery conduct (Dkt. 388),[4] discovery into the H-Series closed in August 2024.

## III. SUMMARY JUDGMENT LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To assess whether a genuine issue of material fact exists, all facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in its favor. *King v. Preferred Tech. Grp.*, 166 F.3d 887, 890 (7th Cir. 1999).

## IV. ARGUMENT

### A. Hytera's Motion as to the '111, '972, and '991 Patents Is Moot

Hytera's motion as to the '111, '972, and '991 Patents in connection with the H-Series is moot, because Motorola does not allege that Hytera infringes those patents based on the H-Series. Motorola's infringement contentions do not identify H-Series products as accused under the '111, '972, and '991 Patents. *See* HytSJAppx at 1518 (not identifying H-Series for the '111 Patent),

---

[4] A summary of Hytera's attempts to stifle discovery is provided in Magistrates Cummings's and Appenteng's discovery orders. *See* Dkt. 275 at 1–3, 13; Dkt. 324 at 1–4; Dkt. 388 at 1–2.

HytSJAppx at 1522 (not identifying H-Series for the '991 Patent), HytSJAppx at 1522–23 (not identifying H-Series for the '991 Patent). Nor does Hytera identify any contention whereby Motorola asserts the '111, '972, and '991 Patents against the H-Series. Thus, there is no summary judgment to grant. *Barr v. United States*, 628 F. Supp. 2d 800, 806 (N.D. Ill. 2009) (denying as moot a motion for summary judgment against a claim that was not in the case).

### B. Hytera's Motion for Summary Judgment of No Direct or Contributory Infringement with Respect to the H-Series Should Be Denied.

Hytera incorrectly argues it is entitled to dismissal of Motorola's direct and contributory infringement theories because it makes and sells the H-Series outside of the United States. *See* Dkt. 446 ("HBr.") at 6–8. Hytera is wrong for two reasons. ***First***, evidence shows that [redacted]. ***Second***, Hytera is vicariously liable for infringing acts by Hytera US, its wholly owned subsidiary and agent, who offers for sale and sells the H-Series in the U.S.

1. [redacted].

Evidence shows that [redacted]. According to Hytera's corporate witness, a spreadsheet of Hytera's H-Series sales worldwide[5] [redacted] SOF ¶ 5, Ex. 1 (excerpts of HYT1973-23512210); Ex. 2 (excerpts of the

---

5 [redacted]

Malackowski Op. Rpt.) at pp. 18, 123. [redacted].

2. Hytera Is Vicariously Liable for Hytera US's Direct Infringement

Setting aside Hytera's own sales into the United States, there is at least a genuine dispute of fact that Hytera is vicariously liable for the sales made by Hytera US. There is no dispute that Hytera US directly infringes the '284, '169, '701, and '869 Patents under 35 U.S.C. § 271(a) by offering to sell and selling the H-Series in the United States. *See* SOF ¶¶ 5, 7; Ex. 1 (excerpts of HYT1973-23512210) [redacted]); Ex. 3 (HYT1973-23511840) (same); Ex. 5 (7/17/2024 L. Yong Dep. Tr.) at 50:21–23 (admitting H-Series sales made from Hytera US to customers); HBr. at 8 ("[T]he H-Series sales report . . . demonstrates that any U.S. sales were not made by Hytera, but rather Hytera US, Inc."); HSOF ¶ 12. The law is also clear that Hytera is also liable for Hytera US's direct infringement, because Hytera US acts as Hytera's agent to sell the Accused Devices in the United States under Hytera's authorization and direction.

A parent is liable for its subsidiary's patent infringement if "the parent directed or authorized those actions." *Brit. Telecommc'ns PLC v. IAC/InteractiveCorp*, 356 F. Supp. 3d 405, 409 (D. Del. 2019) (applying Delaware agency law);[6,7] *accord StrikeForce Techs., Inc. v.*

---

[6] Delaware law applies to this question, because Hytera US is a Delaware corporation, and in the Seventh Circuit, the applicable agency law is that of the state of the corporation whose veil is sought to be pierced. *On Command Video Corp. v. Roti*, 705 F.3d 267, 272 (7th Cir. 2013); *Shebley v. United Cont'l Holdings, Inc.*, No. 17-CV-01906, 2023 WL 6388248, at *9 (N.D. Ill. Sept. 30, 2023); *In re Clearview AI, Inc., Consumer Priv. Litig.*, 585 F. Supp. 3d 1111, 1123 (N.D. Ill. 2022), *clarified on denial of reconsideration*, No. 21-CV-0135, 2022 WL 2915627 (N.D. Ill. July 25, 2022).

[7] Illinois law applies a similar standard. "Whether *respondeat superior* can apply depends on the existence of an agency relationship—that usually means whether the alleged principal had the right to control the [agent's] work—and whether the agent's conduct was within the scope of the agency." *Taylor v. Toone*, No. 19-CV-936-JPG, 2021 WL 2139040, at *4 (S.D. Ill. May 26, 2021) (citing *Bogenberger v. Pi Kappa Alpha Corp.*, 104 N.E.3d 1110, 1119 (Ill. 2018)) (emphasis in original).

*PhoneFactor, Inc.*, No. CV 13-490-RGA-MPT, 2013 WL 6002850, at *6 (D. Del. Nov. 13, 2013), *as amended* (Nov. 14, 2013); *T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, No. CV 16-581-RGA-MPT, 2017 WL 896988, at *6 (D. Del. Mar. 7, 2017); *see also Autronic Plastics, Inc. v. Apogee Lighting, Inc.*, No. 19-CV-6268 (MKB), 2021 WL 5965715, at *4 (E.D.N.Y. Dec. 16, 2021). Courts have found the requisite direction and control, and thus an agency relationship, when the parent has provided the technology to the subsidiary, has a direct financial interest in the subsidiary's infringing activity, and has the right to supervise and control the subsidiary, as evidenced by a connection between the two as relating to the infringing activity. *See Autronic*, 2021 WL 5965715 at *4 ("[A] parent may be held liable for the subsidiary's infringing activities if it has both (1) a direct financial interest in the infringing activity, and (2) the right and ability to supervise the subsidiary, which is evidenced by some continuing connection between the two in regard to the infringing activity.") (internal quotations omitted). Hytera cannot prove there are no triable issues regarding any of these three factors. In fact, the evidence shows that Hytera exerts significant direction and control over Hytera US's marketing and sale of the H-Series—more than sufficient to show that Hytera US acts as Hytera's agent.

***First***, there is no dispute that Hytera designed, developed, and manufactures the accused H-Series models, and that Hytera provided the H-Series to Hytera US via an intermediary company. HBr. at 7 ("[T]here is no dispute that Hytera manufactures all the Accused H-Series Products outside the United States in the People's Republic of China[.]"); HSOF ¶¶ 4, 8; *see also*

Exs. 70–74, 82–85 (HYTERA-H_000001–09) (exemplary internal Hytera documents showing features present in the H-Series products).

***Second***, [redacted], (SOF ¶¶ 13, 14), representing to its investors that [redacted] SOF ¶ 13; Ex. 25 (2024 Hytera Semi-Annual Report) at 39 (emphasis added). Moreover, Hytera contends that it sells the H-Series models to Shenzhen Qiding Industries Co., Ltd. ("Qiding"), who then sells the products to Hytera US. Ex. 5 (9/5/2024 L. Yong Dep. Tr.) at 23:12–24:4; HSOF ¶¶ 4, 8. Although Hytera asserts that Qiding is a "third-party external company," HBr. at 8, [redacted] (SOF ¶ 14; Ex. 5 (2024-07-17 L. Yong Dep. Tr.) at 56:20–57:2), [redacted]

***Third***, [redacted] so Hytera's assertion that it does not "control" Hytera US (HBr. at 3) is incorrect.[8]

As an initial matter, [redacted]: as noted above, merely ten days following the entry of judgment against Hytera's then-existing U.S. subsidiaries, Hytera formed Hytera US specifically to acquire the Hytera America Subsidiaries' assets in the bankruptcy. SOF ¶¶ 1, 2; Ex. 6 (No. 1:17-cv-01973, Dkt. 974); Ex. 69 at 124:13–125:23.

---

[8] Even the declaration Hytera cites (at HSOF ¶ 17) as purported support that it does not control Hytera US does ***not*** actually state that Hytera does not control Hytera US. *See* HytSJAppx 2358 ¶ 2.

[redacted] SOF ¶ 15; Ex. 7 (Westerman Decl.) at ¶¶ 40–43; ¶¶ 44–47 (citing Hytera 2024 Report and Hytera certifying that its subsidiaries' assets are Hytera's assets)).

Hytera's securities disclosures also admit it has "power over" the subsidiaries, such that it can report their assets as its own. SOF ¶ 16; Ex. 25 (2024 Hytera Semi-Annual Report) at 90 ("[t]he scope of [Hytera's] consolidated financial statements is determined ***on the basis of control***. Control refers to when the ***Company has power over the invested unit***, enjoys a variable return by participating in the relevant activities of the invested unit, and ***has the ability to use its power over the invested unit*** to affect its return amount.")).

[redacted]. *See, e.g.*, Ex. 9 (HCIT0003412). [redacted]. SOF ¶ 8; Ex. 10 (2024-09-05 Y. Liu Dep. Tr.) at 70:4–8. [redacted]. Ex. 9 (HCIT0003412) at -415. [redacted]. SOF ¶ 10; Ex. 9 (HCIT0003412) at -417. [redacted] SOF ¶ 10; Ex. 9 (HCIT0003412) at -417. [redacted] SOF ¶ 12; Ex. 9 (HCIT0003412) at -412–414. [redacted] SOF ¶ 12; Ex. 9 (HCIT0003412) at -412–414. [redacted]

[redacted] SOF ¶ 12; Ex. 9 (HCIT0003412) at -414.

Because Hytera provides the H-Series technology to Hytera US, [redacted], at least a genuine dispute of material fact exists that it is directly liable for Hytera US's infringing sales.

### C. Hytera's Motion for Summary Judgment of No Induced Infringement for the H-Series Should Be Denied.

In addition to liability under direct infringement, Hytera is also independently liable under induced infringement. Both of Hytera's arguments to avoid liability for induced infringement fail.

#### 1. <u>Motorola Adequately Disclosed the Theory that Hytera Induces the Infringement of the H-Series.</u>

Hytera argues Motorola's induced infringement theory fails because Motorola's contentions did not identify any H-Series-specific evidence regarding induced infringement (HBr. at 9). This is wrong. In its amended infringement contentions, Motorola disclosed that Hytera "induce[s] infringement" of the '869, '701, '169, and '284 Patents "by its activities relating to the marketing, distribution, and/or sale of its products to its purchasers . . . and by instructing and encouraging purchasers (including through product documentation) to operate and use those products in an infringing manner with knowledge that these actions would infringe the [patents]. ***This includes activities relating to the marketing, distribution, and/or sale of Hytera's 'i-Series' and 'H-Series' products.***" Ex. 24 (1/13/2023 Amended Final Contentions) at 28 (discussing '869 Patent) (emphasis added); *id.* at 35 (stating same re '701 Patent); *id.* at 42 (stating same re '169 Patent); *id.* at 48 (stating same re '284 Patent). And Motorola explained its induced infringement theory for each patent. Ex. 24 (1/13/2023 Amended Final Contentions) at 31 (explaining how Hytera's instructions to use the H-Series repeaters with older ("Legacy") subscribers that run the scan feature infringes the '869 Patent), *id.* at 35-36 (explaining how Hytera's instructions to use

H-Series subscribers with Legacy repeaters use of "dekey" and "rekey" operations infringes the '701 patent), *id.* at 43 (explaining how Hytera's instructions to set up IP Multi-Site Connect in all versions of its products cause its end customers to directly infringe the '169 Patent), *id.* at 48–49 (explaining how Hytera's instructions to its U.S. subsidiaries and end-customers regarding configuration and use of Pseudo Trunk and/or XPT features in all versions of its products cause its end customers to directly infringe the '284 Patent).

Moreover, nothing required Motorola to marshal—in its infringement contentions—all of its evidence relating to induced infringement of each version of Hytera's products. Instead, the Local Rules only require that the infringement contentions provide notice of the theories to be pursued. *See Fujitsu Ltd. v. Tellabs Operations, Inc.*, No. 08 C 3379, 2012 WL 5444979, at *6 (N.D. Ill. Mar. 21, 2012) ("[I]nfringement contentions are meant to 'frame the scope of the case' … to provide for timely discovery, and do not 'require a party to set forth a *prima facie* case of infringement and evidence in support thereof.'"); *id.* at *4 ("The purpose of infringement contentions is to provide notice of the plaintiff's theories of infringement early in the case . . . ."); *Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10 C 204, 2013 WL 622951, at *2 (N.D. Ill. Feb. 20, 2013), *aff'd* (July 7, 2014) (same). As noted above, Motorola's infringement contentions more than satisfied this requirement by disclosing its theory of induced infringement for each patent—theories that apply to all the versions of Hytera's products, including its H-Series products.

That is particularly true here, where Motorola received H-Series discovery only ***after*** serving its H-Series infringement contentions. This Court has repeatedly and explicitly held that where, as here, a plaintiff does not seek to change its infringement theories, it is "***unnecessary***" for the plaintiff to amend its infringement contentions to add supporting evidence (and in fact it would be "***needlessly wast[eful]***" to do so). *Sloan Valve*, 2013 WL 622951 at *9–10 ("Because

the purpose of infringement contentions is to provide notice of the plaintiff's theories of infringement early in the case, and [Plaintiff] is not, by its own concession, seeking to change its theory, this proposed amendment to its contentions is unnecessary."); *Black & Decker Corp. v. Positec USA Inc.*, No. 11-CV-5426, 2015 WL 1543262, at *18 (N.D. Ill. Mar. 31, 2015) ("Requiring an amendment in these circumstances [where contentions gave "fair notice" of infringement theory] would only prolong the litigation, increasing the costs to both parties and needlessly wasting judicial resources."); *Avnet, Inc. v. Motio, Inc.*, No. 12 C 2100, 2013 WL 12618965, at *3 (N.D. Ill. Nov. 27, 2013) (amendment was "unnecessary" and lacked good cause when prior contentions already raised the point at issue).

2. Hytera Induced Infringement By Its Actions Outside of the United States.

Hytera also argues it could not induce the infringement of the H-Series because, it contends, "Motorola cannot prove direct infringement with respect to the Accused H-Series Products since the Accused H-Series Products were wholly manufactured and sold by Hytera outside the United States." HBr. at 9. Not so. Induced infringement requires evidence of an act of ***direct*** infringement in the United States. Here, there is no dispute that Hytera US has engaged in acts that constitute direct infringement by offering to sell and selling the accused H-Series products in the United States. *E.g.*, HSOF ¶ 12 (admitting to sales by Hytera US); SOF ¶ 7; HytSJAppx 2316 (rows 4–9 of the spreadsheet page showing U.S. sales of H-Series by Hytera US). As explained above, there is ample evidence that Hytera has induced that infringement by, *e.g.*, providing instructions to customers on the use of H-Series, as well as by aiding and facilitating the sale of H-Series in the U.S. by Hytera US. *See supra* § IV.C.1. This is sufficient to demonstrate induced infringement under 35 U.S.C. § 271(b). *See Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (affirming judgment of induced infringement based on evidence of a non-party's infringing acts, which served as the requisite predicate direct infringement); *Enplas Display Device Corp. v. Seoul*

*Semiconductor Co., Ltd.*, 909 F.3d 398, 404 (Fed. Cir. 2018). To the extent Hytera contends it did not induce infringement because its inducing acts occurred outside the United States, that argument fails, because "induced infringement does not require any activity by the indirect infringer in [the United States]." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1302–03 (Fed. Cir. 2012) (affirming induced infringement and rejecting argument "that [defendant] restricted its involvement in the [infringing product] venture to activities in India"); *accord Enplas*, 909 F.3d at 408 (affirming denial of JMOL of no induced infringement when Japanese manufacturer provided infringing products to third parties, who then sold products in the United States).

## V. CONCLUSION

For the foregoing reasons, Motorola respectfully requests that the Court deny Hytera's motion for summary judgment (Dkt. 446) in its entirety.

**CONFIDENTIAL - ATTORNEY'S EYES ONLY**

DATED: May 30, 2025

Respectfully submitted,

*/s/ Ali-Reza Boloori*

Adam Alper (admitted *pro hac vice*)
adam.alper@kirkland.com
Akshay S. Deoras (admitted *pro hac vice*)
akshay.deoras@kirkland.com
Brandon H. Brown (IL Bar No. 266347 CA)
brandon.brown@kirkland.com
Laura Vartain Horn (admitted *pro hac vice*)
laura.vartain@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael De Vries (admitted *pro hac vice*)
michael.devries@kirkland.com
Christopher M. Lawless (admitted *pro hac vice)*
christopher.lawless@kirkland.com
Ingrid Petersen (admitted *pro hac vice*)
ingrid.petersen@kirkland.com
Jiaxiao Zhang (admitted *pro hac vice)*
jiaxiao.zhang@kirkland.com
Kevin X. Wang (admitted *pro hac vice*)
kevin.wang@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Ali-Reza Boloori (admitted *pro hac vice*)
ali-reza.boloori@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

David Rokach (IL SBN: 6279703)
david.rokach@kirkland.com

KIRKLAND & ELLIS LLP
333 W Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Leslie M. Schmidt (admitted *pro hac vice*)
leslie.schmidt@kirkland.com
Joshua L. Simmons (admitted *pro hac vice*)
joshua.simmons@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for Plaintiff*
Motorola Solutions, Inc.

**CERTIFICATE OF SERVICE**

I, Ali-Reza Boloori, hereby certify that on May 30, 2025, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

DATED: May 30, 2025

*/s/ Ali-Reza Boloori*
Ali Reza-Boloori