**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., | |
| Plaintiff, | No. 17-cv-01972 |
| v. | Judge Franklin U. Valderrama |
| HYTERA COMMUNICATIONS CORPORATION LTD., | |
| Defendant. | |

**SEALED MEMORANDUM OPINION AND ORDER**[1]

This is a patent infringement case in which Plaintiff Motorola Solutions, Inc. (Motorola) alleges that Defendant Hytera Communications Corporation Ltd. (Hytera) infringes on Motorola Patent Nos. 6,591,111 (the '111 Patent), 7,639,869 (the '869 Patent), 7,729,701 (the '701 Patent), 8,032,169 (the '169 Patent), 8,279,991 (the '991 Patent), 9,099,972 (the '972 Patent), and 8,116,284 (the '284 Patent) (collectively, Motorola Patents). *See generally* R. 78, Am. Compl.[2] The patents concern two-way digital radio products, technologies, and supporting infrastructure and systems. Before the Court is Hytera's motion for partial summary judgment of non-

---

[1] Portions of the parties' briefs were filed under seal, as were many exhibits. Because this Order may contain privileged information that was submitted to the Court under seal, the Court will issue its Order under seal so the parties may meet and confer with one another about proposed redactions. The parties are to file a joint position statement by December 22, 2025, explaining what (if any) redactions are needed in the text of the Order, and why (bearing in mind the strict standard against secret filings, *see generally Mitze v. Saul*, 968 F.3d 689 (7th Cir. 2020)). That position statement may be filed under seal. After considering the proposed redactions, the Court will issue a public version of the Order.

[2] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

infringement for the H-Series products. R. 446, Def.'s Mot. Summ. J.³ For the following reasons, the Court grants in part and denies in part Hytera's motion for summary judgment.

## Background⁴

Motorola owns seven patents—U.S. Patent Nos. 6,591,111 ("the '111 Patent"), 7,639,869 ("the '869 Patent"), 7,729,701 ("the '701 Patent"), 8,032,169 ("the '169 Patent"), 8,279,991 ("the '991 Patent"), 9,099,972 ("the '972 Patent"), and 8,116,284 ("the '284 Patent")–the Motorola Patents. Am. Compl. ¶¶ 35–56. Motorola asserts that it has the full right to enforce and or license the Motorola Patents. Am. Compl. ¶¶ 37, 40, 43, 46, 49, 52, 55.

### The '111 Patent

The '111 Patent is directed toward a "group radio communication system and method using interconnected radio sub-networks." Am. Compl. ¶ 54. The '111 Patent was issued on July 8, 2003. *Id.* Motorola has asserted Claims 11, 13, and 15 of the '111 Patent against Hytera. R. 445-3, Am. FIC at 2 (HytSJAppx 1445⁵).

---

³Hytera has filed five additional motions for summary judgment, on the issues of non-infringement. R. 447, 448, 449, 450, and 451. Additionally, Hytera has also filed a motion for summary judgment on the issue of lost profit or price erosion damages. R. 458. Motorola has filed a cross-motion for partial summary judgment. R. 452. The Court addresses each of those motions via separate orders.

⁴This factual background is taken from the parties' Rule 56.1 statements of facts and responses, including Hytera's Statement of Facts (R. 445, DSOF); Motorola's Response to Hytera's Statement of Facts (R. 549, Pl.'s Resp. DSOF); Motorola's Statement of Additional Facts (R. 499, PSOAF); and Hytera's Response to Motorola's Statement of Additional Facts (R. 534, Def.'s Resp. PSOAF).

⁵For ease of reference, the Court cites not only to the page number of the Amended Final Infringement Contentions cited, but also to the bates stamp included at the bottom of the document.

<u>The '869 Patent</u>

The '869 Patent is directed toward "method and system of scanning a TDMA channel." Am. Compl. ¶ 42. The '869 Patent was issued on May 6, 2008. *Id.* Motorola has asserted Claims 1 and 21 of the '869 Patent against Hytera. Am. FIC at 2 (HytSJAppx 1445).

<u>The '701 Patent</u>

The '701 Patent is directed toward "method and system of accessing a de-keyed base station." Am. Compl. ¶ 45. The '701 Patent was issued on June 1, 2010. *Id.* Motorola has asserted Claims 1 and 11 of the '701 Patent against Hytera. Am. FIC at 2–3 (HytSJAppx 1445–46).

<u>The '169 Patent</u>

The '169 Patent is directed toward a "system and method for providing low overhead floor control in a distributed peer-to-peer communications network." Am. Compl. ¶ 39. The '169 Patent was issued on October 4, 2011. *Id.* Motorola has asserted Claims 8, 10, 13, 18, and 29 of the '169 Patent against Hytera. Am. FIC at 3 (HytSJAppx 1446).

<u>The '991 Patent</u>

The '991 Patent is directed toward a "method of efficiently synchronizing to a desired timeslot in a time division multiple access communication system." Am. Compl. ¶ 48. The '991 Patent was issued on October 2, 2012. *Id.* Motorola has asserted Claim 7 of the '991 Patent against Hytera. Am. FIC at 3 (HytSJAppx 1446).

The '972 Patent

The '972 Patent is directed toward a "method and apparatus for multi-stage adaptive volume control." Am. Compl. ¶ 51. The '972 Patent was issued on August 4, 2015. *Id.* Motorola has asserted Claim 7 of the '972 Patent against Hytera. Am. FIC at 3 (HytSJAppx 1446).

The '284 Patent

The '284 Patent is directed toward a "method, device and system for temporarily selecting a timeslot." Am. Compl. ¶ 36. The '284 Patent was issued on February 14, 2012. *Id.* Motorola has asserted Claims 7, 9, 13, 14, and 15 of the '284 Patent against Hytera. Am. FIC at 3 (HytSJAppx 1446).

Hytera is incorporated in the People's Republic of China with its principal place of business in Shenzhen, China. DSOF ¶ 2. Hytera manufactures and sells products that allegedly infringe the Motorola Patents. *See generally* Am. Compl. Hytera's allegedly infringing products include the Legacy, i-Series, and H-Series products. DSOF ¶ 35.

Hytera announced the first of the accused H-Series products on October 27, 2021. DSOF ¶ 11. H-Series products include, but are not limited to, the following devices: HP602, HP682, HP702, HP782, HM782, and HR1062 repeater. R. 446-1, Def.'s Memo. Summ. J. at 1. On January 13, 2023, Motorola served its Amended Final Infringement Contentions, which alleged that Hytera's H-Series products were infringing on the Motorola Patents. DSOF ¶ 3.

4

Motorola sued Hytera; Hytera America, Inc. (Hytera America); and Hytera Communications America (West), Inc. (Hytera West), alleging that Defendants had infringed several patents relating to digital, two-way radio technologies.[6] DSOF ¶ 13. Motorola filed an Amended Complaint dropping Hytera America from this lawsuit and subsequently dismissed Hytera West as well. DSOF ¶ 16. The only remaining Defendant is Hytera.

Motorola contends that Hytera has infringed the Motorola Patents by advertising, marketing, offering to sell, importing for sale, and/or selling H-Series products in the United States. Am. Compl. ¶ 17. Hytera denies infringement of the Motorola Patents and has moved for summary judgment on the issues of direct infringement, contributory infringement, and induced infringement under 35 U.S.C. § 271. *See generally* Def.'s Memo. Summ. J. The parties strongly dispute each other's factual assertions, and their competing Rule 56.1 submissions frame the issues addressed below.

**Legal Standard**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460

---

[6]The Amended Complaint does not specifically identify the Hytera products known as "H-Series" products.

(7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2).

## Analysis

### I. Non-Infringement of the '991, '111, and '972 Patents

In Counts V through VII of the Amended Complaint, Motorola alleges that Hytera infringes the '991, '972, and '111 Patents respectively. Am. Compl. ¶¶ 156, 176, 198. Hytera moves for summary judgment for non-infringement of the '991, '972, and '111 Patents regarding the H-Series products. Def.'s Memo. Summ. J. at 6. Hytera contends that while Motorola has "never affirmatively withdrawn claims for H-Series infringement for these patents, it has also failed to provide any facts in support of infringement," nor has any of Motorola's experts provided any opinion on H-Series infringement. *Id.*

In response, Motorola concedes that it does not allege that Hytera's H-Series products infringe the '991, '972, and '111 Patents. R. 487, Pl.'s Resp. at 4. In fact, asserts Motorola, its Amended Final Infringement Contentions do not identify any H-Series products as infringing on the '991, '972, and '111 Patents. *Id.* (citing R. 445-3, HytSJAppx at 1518, 1522–23). Therefore, reasons Motorola, Hytera's motion for summary judgment regarding the '991, '972, and '111 Patents is moot. Pl.'s Resp. at 5. The Court disagrees with Motorola.

Although Motorola now argues that it is not asserting a claim based on the H-Series products' infringement of the '991, '972, and '111 Patents, the operative complaint belies that notion. *See* Am. Compl. ¶¶ 156–159, 176–178, 198–200 (identifying products "including but not limited to" various Hytera products that allegedly infringe the '991, '972, and '111 Patents, which could be liberally construed to encompass the H-Series Products). However, the Court interprets Motorola's response, in which it concedes that it does not allege that Hytera's H-Series products infringe the '991, '972, and '111 Patents, to be a request to withdraw those counts. The Court therefore deems Motorola's Amended Complaint to be amended to remove an infringement claim relating to the H-Series products regarding the '991, '972, and '111 Patents in Counts V, VI, and VII respectively, and dismisses these claim with prejudice. *See McReaken v. Kellerman*, 2024 WL 4298900, at *2 (S.D. Ill. Sept. 26, 2024) ("[W]hen a plaintiff withdraws a claim in response to summary judgment, courts within this Circuit typically dismiss these claims with prejudice because it would not be fair at this point to leave open even a remote possibility that defendants

7

might face this claim in some other forum.") (cleaned up) (collecting cases). The remainder of the analysis in this Order (which is limited to infringement by the H-Series products) will only concern the rest of the Motorola Patents–the '869, '701, '169, and '284 Patents (collectively, Remaining Motorola Patents).

## II. Direct Infringement Under 35 U.S.C. § 271(a)

Next, the Court turns to the issue of direct infringement of the Remaining Motorola Patents based on sales of the H-Series products. In Counts I through IV of the Amended Complaint, Motorola alleges that Hytera directly infringes the Remaining Motorola Patents.[7] Am. Compl. ¶¶ 67, 88, 109, 133.

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a); *see, e.g., Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 831 F.3d 1369, 1376 (Fed. Cir. 2016). "It is the general rule under United States patent law that no infringement occurs when a patented product is made and sold in another country." *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 441 (2007).

Hytera argues that under well-settled patent law, a claim of direct infringement cannot be predicated upon acts that take place in a foreign country. Def.'s Memo. Summ. J. at 7 *(*citing*, inter alia, Rotec Indus., Inc. v. Mitsubishi Corp.*,

---

[7]In the Amended Complaint, Motorola does not specifically mention that Hytera directly infringes under § 271(a). However, Motorola clearly states that this "civil action asserts claims arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*" Am. Compl. ¶ 15. Later, Motorola identifies that Hytera directly infringes the Remaining Patents under § 271(a) in its Amended Final Infringement Contentions. Am. FIC at 2–3 (HytSJAppx 1445–46).

215 F.3d 1246, 1249 (Fed. Cir. 2000)). Here, argues Hytera, it is undisputed that it manufactures all of the allegedly infringing H-Series products in the People's Republic of China. *Id.* (citing DSOF ¶ 4). Not only that, asserts Hytera, but all sales of the allegedly infringing H-Series products were outside the United States. *Id.* at 7–8 (citing DSOF ¶¶ 4–7) Hytera insists that all purchase orders for the allegedly infringing H-Series products are for sales to Qiding, a Chinese company, in People's Republic of China. Def.'s Memo. Summ. J. at 8 (citing DSOF ¶¶ 7–8).

In response, Motorola argues that Hytera's motion for summary judgment should be denied for two reasons. First, there is evidence that Hytera has sold at least some of the accused H-Series models in the United States. Pl.'s Resp. at 5 (citing PSOAF ¶ 5). Second, Hytera is vicariously liable for infringing acts by Hytera US, its wholly owned subsidiary. *Id.* at 6–10. Starting with its first argument, Motorola points to a spreadsheet prepared by Hytera that lists both Hytera and Hytera US as sellers of H-Series products within the United States. Pl.'s Resp. at 5–6 (citing PSOAF ¶5. Hytera, according to Motorola, fails to address these sales in its motion for summary judgment. *Id.* at 6. Turning to its second argument, Motorola maintains that there is a genuine issue of fact that Hytera is vicariously liable for the sales in the United States by its agent, Hytera US, that directly infringe the Remaining Motorola Patents. *Id.*

In reply, Hytera doubles down on its contention that the purchase orders reflect sales only to Qiding, in the People's Republic of China. R. 523, Def.'s Reply at 3–4. As for the spreadsheet entry that reflects sales by Hytera, as opposed to Hytera

9

US, in the United States, Hytera explains in a footnote that the entry in the spreadsheet was a mistake. *See* Def.'s Reply at 4 n.1. But Hytera's response to Motorola's statement of additional fact simply disputes, without any citation to any evidence, that the three listed sales by Hytera to the United States in the document cited by Motorola should have been recorded as sales by Hytera U.S. Def.'s Resp. PSOAF ¶ 5. Even if a party "disagrees] wholeheartedly with something the other side said, . . . unless they can point to a page in the record that suggests it is not true, they are out of luck." *ABC Acquisition Co., LLC v. AIP Prods. Corp.*, 2020 WL 4607247, at *7 (N.D. Ill. Aug. 11, 2020) (citing *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material")). Therefore, the Court finds that the evidence of Hytera's sales into the United States cited by Motorola raises a genuine issue of material fact which could lead a reasonable jury to find in Motorola's favor.

In light of this finding, the Court need not address Motorola's alternative argument that summary judgment should be denied because Hytera, as the principal, is liable for the sales of its agent, Hytera US, in the United States. Accordingly, Hytera's motion for summary judgment as to direct infringement of the Remaining Motorola Patents under § 271(a) against the H-Series products is denied.

### III. Contributory Infringement Under § 271(c)

Next, the Court turns to the issue of contributory infringement of the Remaining Motorola Patents under § 271(c). In Counts I through IV of the Amended

Complaint, Motorola alleges that Hytera contributed to the infringement of the Remaining Motorola Patents.[8] Am. Compl. ¶¶ 70, 91, 112, 136.

"Contributory infringement imposes liability on one who embodies in a non-staple device the heart of a patented process and supplies the device to others to complete the process and appropriate the benefit of the patented invention. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009); 35 U.S.C. § 271(c). To prove contributory infringement under 35 U.S.C. § 271(c), a plaintiff must adduce proof that "(1) the defendant had knowledge of the patent in suit, (2) the defendant had knowledge of patent infringement, and (3) the accused product is not a staple article or commodity of commerce suitable for a substantial noninfringing use." *Bio-Rad Lab'ys, Inc. v. Int'l Trade Comm'n*, 998 F.3d 1320, 1335 (Fed. Cir. 2021) (cleaned up).

Hytera contends that summary judgment should be granted on the claim of contributory infringement under 35 U.S.C. § 271(c) for the same reasons that support its position for summary judgment on direct infringement under § 271(a)—namely, that Hytera does not manufacture or sell any of the accused H-Series products in the United States. Def.'s Memo. Summ. J. at 8. The Court denies Hytera's motion for summary judgment on lack of contributory infringement under § 271(c) for the same

---

[8] In the Amended Complaint, as with direct infringement, Motorola does not specifically allege that Hytera contributed to the infringement of the Remaining Motorola Patents under § 271(c). However, as noted above, Motorola clearly pleads that this "civil action asserts claims arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*" Am. Compl. ¶ 15. Later, Motorola identifies that Hytera contributed to the infringement of the Remaining Patents under § 271(c) in its amended final infringement contentions. Am. FIC at 2–3 (HytSJAppx 1445–46).

reasons the Court denied Hytera's motion for summary judgment on the issue of direct infringement. *See supra* Section II.

## IV. Induced Infringement Under § 271(b)

Finally, the Court turns to the issue of induced infringement of the Remaining Motorola Patents under § 271(b). In Counts I through IV of the Amended Complaint, Motorola alleges that Hytera contributed to the infringement of the Remaining Motorola Patents "by actively inducing others to directly infringe the" Remaining Patents. Am. Compl. ¶¶ 69, 90, 111, 135.

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "Inducement can be found where there is evidence of active steps taken to encourage direct infringement." *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (cleaned up). These "active steps" include "advertising an infringing use[,] instructing how to engage in an infringing use," and assisting in performing an infringing use. *Id.* at 1334, 1336 (induced infringement of method and system patent for spinal surgery was supported by evidence that defendant sent instruction manuals for how to use infringing kit and defendant's employees trained surgeons how to use it); *see also Tinnus Enters., LLC v. Telebrands Corp.*, 846 F.3d 1190, 1204 (Fed. Cir. 2017) (identifying "instruction manuals" that taught an infringing uses to demonstrate both the defendant's intent to induce infringement and as circumstantial evidence that the defendant's customers were actually induced to directly infringe); *Golden Blount, Inc. v. Robert H. Peterson Co.*,

12

438 F.3d 1354, 1362–63 (Fed. Cir. 2006) ("instruction sheets" provided by the defendant).

Hytera argues that the Court should grant summary judgment to Hytera as to induced infringement under § 271(b) because Motorola has failed to offer any evidence of induced infringement. Def.'s Memo. Summ. J. at 8–9. "It is well established that the burden of proving infringement generally rests upon the patentee." *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 198 (2014). "A party that does not bear the burden of persuasion may move for summary judgment 'by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If "the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court must enter summary judgment against her." *Id.* (cleaned up).

Here, from Hytera's perspective, the only evidence Motorolas has adduced pertains to the legacy and i-Series devices, not the allegedly infringing H-Series products. Def.'s Memo. Summ. J. at 9. In fact, asserts Hytera, the only documents cited by Motorola as proving induced infringement with respect to the allegedly infringing H-Series products are from the International Trade Commission case, which concluded almost three years before the allegedly infringing H-Series products were announced. *Id.* (citing DSOF ¶¶ 10–11).

13

Motorola counters, as a threshold matter, that it disclosed in its Amended Final Infringement Contentions that Hytera "induce[s] infringement of the '869, '701, '169, and '284 Patents by its activities relating to the marketing, distribution, and/or sale of its products to purchasers, and by instructing and encouraging purchasers (including through product documentation) to operate and use those products in an infringing manner with knowledge that these actions would infringe the [patents]," which "includes activities relating to the marketing, distribution, and/or sale of Hytera's i-Series and H-Series products." Pl.'s Resp. at 10 (citing Pl. Exh. 24, 1/13/2023 Amended Final Contentions). Motorola maintains that it explained its induced infringement theory for each patent. *Id*. Nothing, submits Motorola, required it to marshal "all of its evidence relating to induced infringement of each version of Hytera's products" in its Amended Final Infringement Contentions. Pl.'s Resp. at 11. Instead, posits Motorola, the Local Rules only require that the infringement contentions provide notice of the theories to be pursued. *Id.* (citing *Fujitsu Ltd. v. Tellabs Operations, Inc.,* 2012 WL 5444979, at *6 (N.D. Ill. Mar. 21, 2012)); *Sloan Valve Co. v. Zurn Indus., Inc.,* 2013 WL 622951 (N.D. Ill. Feb. 20, 2013), *aff'd* (July 7, 2014).

In reply, Hytera argues that Motorola's Amended Final Infringement Contentions are mere boilerplate, which fail to identify any specific acts of inducement by Hytera. Reply at 9. True, asserts Hytera, Motorola is not required to identify all evidence, but it needs to adduce some evidence of infringement. *Id*. Conclusory allegations, from Hytera's perspective, won't cut it. *Id.*

14

"Local patent rules are essentially a series of case management orders." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015). Here, in the Northern District of Illinois, patent litigants are required to comply with the Local Patent Rules (LPRs). *See* LPR 1.1. As the Federal Circuit has explained, the purpose of the LPRs "is to require parties to crystallize their theories of the case early in the litigation so as to prevent the shifting sands approach to claim construction." *Keranos,* 797 F.3d at 1035 (cleaned up). Under the LPRs, "the "parties exchange information called 'infringement contentions' designed to put each other on notice as to their theories of infringement and non-infringement." *Gamon Plus, Inc., v. Campbell's Co.*, 764 F. Supp. 3d 690, 698 (N.D. Ill. 2025). "LPR 2.2 requires a plaintiff to serve the defendant with its initial infringement contentions, which identify the patent claims that the plaintiff believes are infringed." *Id.*

"These contentions are then finalized under LPR 3.1 . . ., which require[s] service of the plaintiff's final infringement contentions and the defendant's response to those final contentions." *Gamon Plus*, 764 F. Supp. 3d at 698. The finalized contentions must be sufficiently detailed, non-conclusory and comprehensive. *Id*. Put another way, the "rules require a party to lay all of its infringement or invalidity cards on the table in its Final Contentions." *Id.* (cleaned up). "[C]ourts in this District have barred defendants from raising during summary-judgment proceedings arguments supporting non-infringement where those arguments were not included in their final non-infringement contentions." *Id.* (collecting cases).

15

The Court turns to Motorola's Amended Final Infringement Contentions. First, Motorola contends that in its Amended Final Infringement Contentions, it explained "how Hytera's instructions to use the H-Series repeaters with older ('Legacy') subscribers that run the scan feature infringes the '869 Patent." Pl.'s Resp. at 10 (citing Am. FIC at 31 (HytSJAppx 1474)). However, Motorola simply points to an absence of evidence with respect to "no product design protocols or service instructions [provided by Hytera] to prevent pairing . . . H-Series products." Am. Final Infringement Contentions at 31 (HytSJAppx 1474). Second, Motorola asserts that it explained "how Hytera's instructions to use H-Series subscribers with Legacy repeaters use of 'dekey' and 'rekey' operations infringes the '701 patent." *Id.* at 10–11 (citing Am. FIC at 35–36 (HytSJAppx 1478–79)). However, the Amended Final Infringement Contentions propose this theory with respect to i-Series *not* H-Series products. Am. FIC at 36 (HytSJAppx 1479). Third, Motorola maintains that it "explain[ed] how Hytera's instructions to set up IP Multi-Site Connect in all versions of its products cause its end customers to directly infringe the '169 Patent." *Id.* at 10–11 (citing Am. FIC at 43 (HytSJAppx 1486) (Hytera "provides instructions to its U.S. subsidiaries and end-customers regarding configuration and use of the IP Multi-Site Connect functionality by supplying literature (including user guides and training manuals) as well as other training programs.")). Fourth, Motorola notes that it "explain[ed] how Hytera's instructions to its U.S. subsidiaries and end-customers regarding configuration and use of Pseudo Trunk and/or XPT features in all versions

16

of its products cause its end customers to directly infringe the '284 Patent." *Id.* at 11 (citing Am. FIC at 48–49 (HytSJAppx 1491–92)).

In all of the above examples, Motorola, however, fails to cite any *evidentiary support* with respect to alleged inducement relating to the H-Series products; instead it directs the Court to its *theories* in the Amended Final Infringement Contentions. As stated above, infringement contentions are required to put the opposing party on notice of a party's theories of infringement, *see Gamon Plus*, 764 F. Supp. 3d at 698; they are not evidence in themselves. Thus, the Court finds that Motorola's reliance on its Amended Final Infringement Contentions in support of its argument for Hytera's induced infringement lacks evidentiary basis.

To the extent that the Amended Final Infringement Contentions contain evidence *within them* of Hytera's alleged induced infringement of the Remaining Motorola Patents with respect to the H-Series products, Motorola has failed to identify any specific acts of induced infringement on the part of Hytera with respect to the H-Series products. Moreover, Motorola has not cited to the evidence itself in its brief or in its statements of fact. The Court is not required to go through the voluminous record, as it is in this case, with a lawsuit between the two adversaries spanning multiple years. *See Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003) (reiterating that the Seventh Circuit "has repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them"). The Federal Circuit has applied a similar rule. *See Centripetal Networks, LLC v. Palo Alto*

*Networks, Inc.*, 156 F.4th 1368, 1380–81 (Fed. Cir. 2025) (the Patent Trial and Appeal Board "did not have to go searching throughout the entire litigation record to find the evidence of copying, but it had an obligation to consider the specific evidence that was put before it.") (citing, *inter alia*, *Knoll Pharm. Co. v. Teva Pharms. USA, Inc.*, 367 F.3d 1381, 1385 (Fed. Cir. 2004) (on summary judgment, "[t]he so-called 'objective' criteria must always be considered and given whatever weight is warranted *by the evidence presented*." (cleaned up) (emphasis added)). As stated above, where the moving party (here, Hytera) points out to the court that the non-moving party with the burden of persuasion (as here, where Motorola brings an induced infringement claim) lacks evidence supporting its case, then if the non-movant does not come forward with evidence, the court must enter summary judgment against it. *Modrowski*, 712 F.3d at 1167. For the reasons above, the Court finds that Motorola has not come forward with evidence supporting its induced infringement claim. Therefore, the Court grants Hytera's motion for summary judgment as to induced infringement under § 271(b).

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part Hytera's motion for summary judgment. The Court deems Motorola's Amended Complaint to be amended to remove an infringement claim relating to the H-Series products regarding the '991, '972, and '111 Patents in Counts V, VI, and VII respectively, and dismisses these claims with prejudice. The Court denies Hytera's motion for summary judgment for lack of direct infringement and contributory infringement of

the '869, '701, '169, and '284 Patents under § 271(a) and § 271(c) respectively with respect to the H-Series products. The Court grants Hytera's motion for summary judgment for lack of induced infringement under § 271(b) of the '869, '701, '169, and '284 Patents with respect to the H-Series products.

Dated: December 8, 2025

                                                             United States District Judge
                                                             Franklin U. Valderrama