UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOTOROLA SOLUTIONS, INC.,

      Plaintiff,

v.

HYTERA COMMUNICATIONS
CORPORATION LTD.,

      Defendant.

No. 17-cv-01972
Judge Franklin U. Valderrama

REDACTED MEMORANDUM OPINION AND ORDER[1]

Plaintiff Motorola Solutions, Inc. (Motorola) owns Patent No. 8,032,169 (the '169 Patent). The '169 Patent is directed to a system and method for providing low overhead floor control in a distributed control two-way radio communications network. Motorola alleges that Hytera Communications Corporation Ltd. (Hytera) infringes the '169 Patent through its Legacy, i-Series, and H-Series products (Accused Products). R. 78, Am. Compl. ¶¶ 86–106.[2] Before the Court is Hytera's motion for partial summary judgment of non-infringement of the '169 Patent. R. 448, Mot.

---

[1]Portions of the parties' briefs were filed under seal, as were many exhibits. The Court filed its original Order under seal so the parties could meet and confer with one another about proposed redactions. R. 564. This public version incorporates the redactions requested by Hytera, which were not opposed by Motorola. R. 572.

[2]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

Summ. J.[3] For the following reasons, the Court denies Hytera's partial motion for summary judgment.

## Background

Motorola owns the '169 Patent, which concerns two-way digital radio technologies and related infrastructure. Am. Compl. ¶¶ 35–56. Hytera, a Chinese corporation, manufactures Digital Mobile Radio (DMR) devices, which comprise portable and mobile radios as well as infrastructure products, including repeaters. R. 445-3, Am. FIC at 2 (HytSJAppx 1445[4]). Hytera's allegedly infringing products include the Legacy,[5] i-Series,[6] and H-Series[7] products. DSOF ¶ 35. Motorola sued Hytera, Hytera America, Inc. (Hytera America), and Hytera Communications America (West), Inc. (Hytera West) alleging that that they had infringed Motorola's patents relating to digital, two-way radio technologies. DSOF ¶ 13. The only remaining defendant, Hytera, moves for partial summary judgment on the basis that

---

[3]Hytera has filed five additional motions for summary judgment, on the issues of non-infringement. R. 446, 447, 449, 450, and 451. Additionally, Hytera has also filed a motion for summary judgment on the issue of lost profit or price erosion damages. R. 458. The Court has addressed or will address each of those motions via separate orders.

[4]For ease of reference, the Court cites not only to the page number of the Amended Final Infringement Contentions cited, but also to the bates stamp included at the bottom of the document. All citations to HytSJAppx within this Order can be found in R. 445-1–445-4.

[5]Legacy products are generally those that do not end with a suffix "i" or a prefix "H." For example, PD502. Am. FIC, Exh. A at 1 (HytSJAppx 1518).

[6]i-Series products are generally identified by the suffix "i." For example, PD502i. Am. FIC, Exh. A at 1 (HytSJAppx 1518).

[7]H-Series products are generally identified by the prefix "H." Example includes HP602. Am. FIC Exh. A, at 2–3 (HytSJAppx 1519–20).

the Accused Products do not infringe the '169 Patent as a matter of law. *See generally* R. 448-1, Memo. Summ. J.

The '169 Patent was issued on October 4, 2011, and Motorola is the owner and sole assignee of the '169 Patent. Am. Compl. ¶¶ 39–40. The '169 Patent relates to and describes systems and methods for providing "floor control" in a communications network. *See* HytSJAppx 32. As Hytera describes, "[c]ontrolling the 'floor' in a communications network is a well-known concept in the art of communications networks and involves granting permission or permitting a communications device on the network to transmit a signal or make a transmission on the network at any one particular time, which makes sense, otherwise communications would be jumbled." Memo. Summ. J. at 3. The '169 Patent defines the term "floor" as giving a subscriber radio "*exclusive* use to transmit to one or more other Subscribers." HytSJAppx 38.

The '169 Patent uses a floor request window (FRW), which is a preset length of time measured by a timing circuit or other timing mechanism to consider multiple requests for the floor from communications devices on the network. HytSJAppx 39. The FRW "begins when the first floor request is received" by a repeater and "[o]nce an FRW starts, additional floor requests from other [repeaters] can be received," and "the duration of the FRW must be long enough to ensure that simultaneous floor requests from other subscribers throughout the network can be received and considered for floor control," such as a time "greater than or equal to twice the longest expected latency to send a message from one [repeater] to another." *Id.* This "is

accomplished through the use of an FRW timer," during which "[a]ll of the pending floor requests are considered . . . ." *Id.*

Motorola has asserted Claims 8, 10, 13, 18, and 29 (Asserted Claims) against Hytera. Am. FIC (HytSJAppx 1446). Each Asserted Claim is directed to floor control and requires a timed interval or floor request window for requesting floor control. Memo. Summ. J. at 6, 7 (citing HytSJAppx 41–42).

Motorola contends that Hytera's Legacy, i-Series, and H-Series products directly and indirectly infringe the '169 Patent under 35 U.S.C § 271(a)–(c). Am. Compl. ¶¶ 86–106. Hytera denies any such infringement and moves for partial summary judgment on the issues of direct infringement, contributory infringement, and induced infringement under 35 U.S.C. § 271 (a)–(c) with respect to the Legacy, i-Series, and H-Series products. *See generally* Memo. Summ. J.

### Legal Standard

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477

4

U.S. 242, 256 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

"Since the ultimate burden of proving infringement rests with the patentee, an accused infringer seeking summary judgment of noninfringement may meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." *Novartis Corp. v. Ben Venue Lab'ys, Inc.*, 271 F.3d 1043, 1046 (Fed. Cir. 2001).

### Analysis

### I. Direct Infringement

In Count II, Motorola alleges that Hytera continues to directly infringe one or more claims of the '169 Patent, literally or through the doctrine of equivalents. Am. Compl. ¶¶ 87–106. Neither party, however, presents argument in their briefs based on the doctrine of equivalents. Thus, the Court limits its analysis to the issue of literal infringement. *See Rodriguez v. Dep't of Veterans Affs.*, 8 F.4th 1290, 1305 (Fed. Cir. 2021) ("An issue that is merely alluded to and not developed as an argument in a

party's brief is deemed waived."); *see G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("a party waives an argument by failing to make it before the district court.").

Section 271(a) of the Patent Act provides in relevant part that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a); *see also, e.g.*, *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 831 F.3d 1369, 1376 (Fed. Cir. 2016). To infringe, every claim limitation must be found in an accused product or process exactly or by a substantial equivalent. *See Liqui-Box Corp. v. Scholle IPN Corp.*, 449 F. Supp. 3d 790, 797 (N.D. Ill. 2020) (citing *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995); *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1354 (Fed. Cir. 2018)). "[I]t has often and clearly been held that unauthorized use, without more, constitutes infringement." *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476, 484 (1964). Direct infringement is a strict liability offense. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). Thus, a direct infringer's knowledge or intent is irrelevant in for a finding of direct infringement. *Id.*

Hytera argues that it is entitled to summary judgment with regard to non-infringement of the '169 Patent because the Accused Products do not have a "floor" nor a window "for requesting control," both of which are required for infringement of the Asserted Claims of the '169 Patent. Memo. Summ. J. at 1–2.

Motorola counters that Hytera's Accused Products meet all the requirements (a "floor" and a "timer" "for requesting control") of the Asserted Claims of the '169 Patent for a finding of direct infringement. R. 495, Resp. at 7, 9. Motorola also argues that Hytera improperly raises claim construction arguments in its motion for summary judgment, which is improper. *Id.* at 3 (citing, *inter alia*, *Eazypower Corp. v. Jore Corp.*, 2012 WL 205915, at *2 (N.D. Ill. Jan. 24, 2012) ("[A] matter for claim construction [] is inappropriately brought in this motion for summary judgment" where the party "has had ample time to argue that the patent requires [certain meaning of a term], yet it has failed to do so.")). In its reply, Hytera fails to address Motorola's claim construction argument and therefore, waives any response. *See Rodriguez*, 8 F.4th at 1305 Waiver aside, the Court agrees with Motorola that Hytera's claim construction arguments are improper and will not consider any such argument. The Court now turns to whether the Accused Products meet the requirements of the '169 Patent's Asserted Claims, starting with "floor."

First, Hytera maintains that the Accused Products do not meet the requirement in the '169 Patent to have a "floor." Memo. Summ. J. at 6–7. In support, Hytera relies on Motorola's expert, Dr. Almeroth's, omission of the word "exclusive" in his definition of "floor." Memo. Summ. J. at 6 (citing DSOF ¶ 26). The Accused Products do not have a "floor" because they do not "grant exclusive right for a radio to control a channel" and therefore, posits Hytera, do not meet the requirements for the Asserted Claims in the '169 Patent. *Id.* at 6–7. Hytera further asserts that the Accused Products "permit interruption" and "do not grant exclusive right for a radio

to control a channel." Memo. Summ. J. at 7 (citing DSOF ¶ 23). In sum, Hytera argues the Accused products are outside the scope of the requirements for the Asserted Claims in the '169 Patent. *Id*. Thus, concludes Hytera, Motorola cannot establish direct infringement. Memo. Summ. J. at 7.

Motorola retorts that "nothing in the '169 [P]atent indicates that 'exclusive use' of the floor prohibits any interruptions." Resp. at 4. To the contrary, argues Motorola, the '169 Patent explicitly describes allocating a 'floor' that can be interrupted. *Id*. (citing HytSJAppx 39 ("Multiple call priorities must be supported. . . . If the floor has been granted to a lower priority call, ***a higher priority call should be able to preempt the floor from the lower priority call***." (emphasis in Resp.)); HytSJAppx 40). Beyond the language of the Patent itself, Motorola also points to Dr. Almeroth's Opening Report, in which he opines that the Accused Products meet the '169 Patent definition for floor, that is, a "radio will occupy a channel resource for the duration of a call" and ████████████████████████████████████████

███████████████████████████████████████████████████

Resp. at 5 (citing R. 502-1, Exh. 15, Almeroth Op. Rpt. ¶ 147). Motorola also points to

█████████████████████████████████████████████████

████████████████████████████████████████████ *Id*.

The Court finds that Motorola has established a genuine dispute of material fact regarding whether the Accused Products have a "floor" as required in the Accused Claims for the '169 Patent. As the Federal Circuit has recognized, the non-moving party can rely on documentary evidence to establish a genuine factual dispute. *See*

*Chewy, Inc. v. Int'l Bus. Machines Corp.*, 94 F.4th 1354, 1363–64 (Fed. Cir. 2024). Here, both parties cite evidence which describes a difference in functionality of the Accused Products for whether interruption equates to non-exclusivity of "floor" access to create a genuine dispute of fact. Thus, summary judgment is not appropriate for the issue of direct infringement for the "floor" requirement of the '169 Patent.

Second, Hytera argues that that the Accused Products do not infringe because they do not utilize a "timer" "for requesting control" as required by the Asserted Claims of the '169 Patent. Memo. Summ. J. at 7. Hytera contends that Motorola's experts have conceded their Time out Timer (TOT), which is the only relevant timer cited by Motorola, does not "request floor control." *Id.* at 8 (citing Almeroth Op. Rpt. ¶ 147). Additionally, according to Hytera, Dr. Almeroth "confirmed during [his] deposition that the asserted Time Out Timer does not perform the claim function of being for requesting floor control," and thus, does not meet the requirements for the Asserted Claims of the '169 Patent. *Id.* (citing SOF ¶ 24; R. 445-4, Almeroth Tr. at 164:18–25 (HytSJAppx 2449)). Hytera points to evidence in the record that when the TOT " ███████████████████████████████████████████ ███████████████████████████████████      ██████   ████████ " R. 525, Reply at 4 (citing R. 534-5, Almeroth Tr. at 156:22–25) (emphasis in Reply). At bottom, Hytera argues that the only timed interval in the Accused Products, the TOT, ends all communications rather than requests floor access. Memo. Summ. J. at 8; Reply at 5.

As an initial matter, Motorola responds that Hytera is incorrect that the Asserted Claims require that the "timed interval" must be "for requesting floor control,"; rather, the claimed "floor request" is "for requesting floor control." Resp. at 7. No matter, argues Motorola, because, contrary to Hytera's arguments that Motorola points to only one timer in the Accused Products, there are *three* timers in the Accused Products which meet the '169 Patent's claim requirements. Resp. at 7–9. First, Motorola cites to evidence in the record that the Accused Products use a "TOT to limit the maximum length of a given transmission when a subscriber has control of the floor." *Id.* at 7–8 (citing PSOAF ¶ 33). According to Motorola, because this TOT "limits the length of the call so that one subscriber does not filibuster the channel, it it is 'for requesting floor control' because it ensures that one user does not occupy a repeater 'for an extended time' such that other users could not request floor control. *Id.* at 8. Second, Motorola posits that the Accused Products implement a " ▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉ . . . ." *Id.* (quoting PSOAF ¶ 34). ▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉ *Id.* at 9 (citing PSOAF ¶ 35).

As with "floor," the Court also finds that Motorola has adduced evidence to create a dispute of material fact as to whether the Accused Products contain a "timer" or "timed interval" "for requesting floor control" as required in the Asserted Claims for the '169 Patent. That is, drawing all reasonable inferences in favor of Motorola,

10

the non-moving party's favor, the evidence adduced by Motorola's supports a finding that there is a dispute of material fact regarding the number and functionality of the timers or timed intervals in the Accused Products. Therefore, Court denies summary judgment issue of direct infringement for the "timer" "for requesting floor control" requirement of the '169 Patent under § 271(a). The Court now turns to the indirect infringement claims.

## II.     Indirect Infringement

In Count II, Motorola alleges that Hytera indirectly infringes one or more claims in the '169 Patent, by actively inducing others to directly infringe and by contributing to the infringement of the '169 Patent. Am. Compl. ¶¶ 87–106. Hytera argues that it is entitled to summary judgment with regards to the non-infringement of the '169 Patent because Motorola adduces no evidence that Hytera knew of the '169 Patent. Memo. Summ. J. at 1, 9.

Section 271 specifies two kinds of indirect infringement: contributory infringement and induced infringement. 35 U.S.C. § 271(b)–(c). Both contributory infringement and induced infringement require: (a) an act of direct infringement by someone, *see Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("There can be no inducement or contributory infringement without an underlying act of direct infringement"); *see also Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014), and (b) knowledge of the patent, *see Marposs Societa Per Azioni v. Jenoptik Auto. N. Am., LLC*, 262 F. Supp. 3d 611, 618, 620 (N.D. Ill. 2017) (a showing of induced infringement under § 271(b) requires that "the alleged

11

infringer knowingly induced infringement and possessed specific intent to encourage another's infringement" and a showing of contributory infringement under § 271(c) requires that "that the accused infringer had knowledge of the patent").

Hytera argues that Motorola fails to prove Hytera's knowledge of the '169 Patent and thus, cannot make out a claim for indirect infringement. Memo. Summ. J. at 10. The way Hytera sees it, Motorola alleges nothing more than Hytera's general knowledge of Motorola's patents and patent portfolio. Memo. Summ. J. at 9–10. Hytera's arguments are nearly verbatim to those raised in support of its summary judgment motion as to indirect infringement of the '111 Patent. *Compare* Memo. Summ. J. at 9–10 *with* R. 447-1 at 10–12. Motorola, in turn, makes nearly identical arguments in response. *Compare* Resp. at 9–11 *with* R. 489 at 7–10. That is, it contends that it does more than just argue that Hytera merely had knowledge of Motorola's patent portfolio; instead, it has presented evidence that "Hytera perpetrated a massive and intentional theft of Motorola's source code and technical documents providing a roadmap for building Motorola's DMR products (including those that practice the '169 patent), and that Hytera used those blueprints for Motorola's technology to copy Motorola's design, functionality, and features in Hytera's infringing products." Resp. at 11. One important addition in Motorola's Response to the instant motion, however, is to point to evidence that "former Hytera executives, including G.S. Kok, Y.T. Kok, and Samuel Chia, worked at Motorola during the development of the '169 patent claimed technology and that Hytera copied the patented features of the '169 patent in its products." *Id.* (citing PSOAF ¶ 38).

12

Therefore, based on the nearly identical arguments from the parties as to Hytera's knowledge of the '169 Patent, for the same reasons the Court found that Motorola presented sufficient evidence to create a fact regarding Hytera's knowledge of the '111 Patent, the Court finds that it has done so here.[8] *See* R. 563, 3/12/2026 Order at 18–20. Because Hytera attacks only the knowledge requirement of an indirect infringement claim, the Court denies its motion for summary judgment as to Motorola's indirect infringement claim as to the '169 Patent.

## Conclusion

For the foregoing reasons, the Court denies Hytera's motion for summary judgment for direct and indirect non-infringement of the '169 Patent [448].

Dated: March 12, 2026
Redacted: April 8, 2026

United States District Judge
Franklin U. Valderrama

---

[8]One argument made by Motorola in its Responses to both motions is worth mentioning briefly, although the Court did not do so in its Order on the '169 Patent. Motorola posits that Hytera's motion must be denied in part because, in denying Hytera's motion to dismiss Motorola's induced infringement claim, the Court found that Motorola had sufficiently alleged Hytera's knowledge of the Patents. Resp. at 9–10 (citing *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.,* 402 F. Supp. 3d 450, 458–59 (N.D. Ill. 2019)). The Court finds this argument unpersuasive, given the different requirements to survive a motion to dismiss and a motion for summary judgment. *Compare Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the plaintiff need only allege facts that are plausible on their face to amount to a legally cognizable claim) *with Anderson,* 477 U.S. at 249–250 (at summary judgment, the non-movant "must set forth specific facts showing that there is a genuine issue for trial.").

13